# SUPREME JUDICIAL COURT,

FOR THE

## WESTERN DISTRICT.

## 1858.

## COUNTY OF CUMBERLAND.

### MARY ANN BARBOUR *versus* CHARLES J. BARBOUR.

The wife has no vested right, of any kind, to dower in the estate of her
husband, before his decease; and, until then, her right may be modified,
changed, or abolished by the Legislature.

The statute of 1841, (R. S., c. 95, § 15,) restricting the widow's right of dow-
er in lands mortgaged by her husband before marriage, applies to all cases
where the death of the husband has occurred *since* that Act was passed,
though the mortgage may have been redeemed *before* that time.

EXCEPTIONS from the ruling of RICE, J.

This was an action of dower, and was submitted to the
Court, each party reserving the right to except to any ruling
upon matters of law.

The premises, in which dower was claimed, were formerly
owned in fee by William Barbour, and were mortgaged by
him to Timothy Little, October 28, 1824. May 7, 1826, Wil-
liam Barbour married the demandant. Dec. 1, 1829, he con-
veyed the premises, subject to the mortgage, to Robert Bar-
bour. In this deed the demandant did not release her right
of dower. The mortgage was paid by Robert Barbour, and
was discharged by Little, May 6, 1831.

VOL. XLVI.                 2

The husband of the demandant died October 26, 1854, and demand of dower was duly made June 21, 1855. The writ was dated Dec. 31, 1855. Upon these facts the presiding Judge ruled that the action was maintainable, to which exceptions were filed by the tenant.

*T. H. Talbot,* argued in support of the exceptions.

The authorities cannot be found to justify, much less to compel, the Court to sustain an action so inequitable in its results as this, while they can be found amply sufficient for the purpose of this defence.

I. In Massachusetts, where the law is most favorable for the plaintiff, the decisions are contradictory, the older authority and the more consistent statement of principle being with the defendant. There is the early case of *Popkin* v. *Bumstead,* decisive for the defendant, and it is approved in *Gibson* v. *Crehore,* 3 Pick. 475, (480); *Van Dyne* v. *Thayer,* 19 Wend. 162, and *Wilkins* v. *French,* 20 Maine, 111, 115; 4 Kent's Com. 46.

It is contradicted in the plaintiff's strong case, *Eaton* v. *Symonds,* 14 Pick. 98. But internal evidence in the latter shows that it must give way to the former. See page 107, where WILDE, J., says the decision in *Popkin* v. *Bumstead* rests upon the circumstance that the payment was made after the death of the husband, a remark entirely incorrect, as appears from the case itself and from the cases where it is cited and approved. The same of his construction of *Swaine* v. *Perine,* on page 108.

Indeed, this distinction between a payment made by the same person, with the same form of transaction, before, and another after, the death of the husband, which may be found in another case, cited by the defendant in the court below, *Massiter* v. *Wright,* 16 Pick. 151, (see page 153,) is an ear mark of unsoundness in these later decisions, even for the State of Massachusetts, as it is unknown to the earlier cases; and it prevents these later cases from being quoted as authorities in New York, New Hampshire and Maine; for in these

States it is not recognized. See, in addition to cases before and after cited, especially *Rossiter* v. *Cossit*, 15 N. H. 38.

That the decisions in Massachusetts, upon this subject, are running counter to those of these three States, see the statement of PARKER, J., in *Robinson & als.* v. *Leavitt*, pp. 103 and 104, 7 N. H. 73, and that the case cited, as illustrative of the law in Maine, is *Carl* v. *Butman*, 7 Greenl. 102.

II. The general principle, within which the plaintiff must bring herself in order to maintain this action, is not, as laid down by WILDE, J., that the payment must be made during the life of the husband; but, briefly, that it must be made by or for the husband, or some one else like him, paying for the wife's benefit. *Young* v. *Tarbell*, 37 Maine, 509, (page 515); *Bullard* v. *Bowers*, 10 N. H. 500, (page 502); *Van Dyne* v. *Thayer*, 19 Wend. 162, (page 174); *Brown* v. *Lapham*, 3 Cush. 551, (pp. 554, 555). This last case is noticeable as going very far towards contradicting the doctrine of *Eaton* v. *Symonds.*

III. Not even a discharge upon the record, or its equivalent, will supply the place of such payment.

1. Not in New York. *Swaine* v. *Perine*, 5 Johns. Ch. R. 482; *Bruyn* v. *Dewitt*, 6 Cowen, 316; *Van Dyne* v. *Thayer*, 19 Wend. 162, (extensively examined); and 4 Kent's Com. 46.

2. Not in New Hampshire. *Cass* v. *Martin*, 6 N. H. 25; *Robinson & als.* v. *Leavitt*, (a leading case,) 7 N. H. 73, both opinions; *Towle* v. *Hoit*, 14 N. H. 61; *Rossiter* v. *Cossit*, 15 N. H. 38; *Heath* v. *West*, 6 Foster, 191; *Wilson* v. *Kimball*, 7 Foster, 300.

3. Not in Maine. The case of *Kinnear* v. *Lowell*, 34 Maine, 299, is in point for the defendant. For, not actual coercion, but merely a liability to such coercion by suit or foreclosure, is necessary to give the party paying the benefit of his payment. A liability to suit, and to lose an estate, are similar in result, even now that imprisonment for debt is abolished. For the distinction between a volunteer and a rightful payment, see 7 N. H. 73, and *Jenness & ux.* v. *Robinson & ux.*, 10 N. H. 215.

The case of *Carl* v. *Butman*, 7 Greenl. 102, is similar to the one at bar; for a careful reading of the opinion of the Court takes away the first appearance of a perfected foreclosure; and the statute of 1821, c. 39, § 1, shows the deed of release and quitclaim to have been of precisely the same legal effect as the discharge upon the record, at bar.

This case has never been overruled; on the contrary, it has, as appears by their reference to it in the Report of the Commissioners on the Revision of the Statutes, received a legislative confirmation, in R. S., c. 95, § 15, which is to be taken as declaratory of the common law upon this subject.

*S. & D. W. Fessenden*, for demandant.

The mortgager, at the time of his marriage with the demandant, was seized in fee of the premises against all the world but the mortgagee and his assigns, and the demandant had an inchoate right of dower, against all the world but the mortgagee and his assigns. When that mortgage was paid and discharged on the record by the mortgagee, the demandant had an inchoate right of dower against all the world. She was placed in the same legal position as she would have been, had there never been a mortgage given. The right to the possession and enjoyment of her dower became perfect at the death of her husband, and the judgment of the Court is therefore correct.

In support of these principles, we cite *Eaton* v. *Simonds*, 14 Pick. 98; *Walker* v. *Griswold*, 6 Pick. 416; *Wedge* v. *Moore*, 6 Cush. 8; *Wilkins* v. *French*, 20 Maine, 111; *Campbell* v. *Knight*, 24 Maine, 332; *Wade* v. *Howard*, 6 Pick. 492; *Massiter* v. *Wright*, 16 Pick. 151; *Smith* v. *Eustis & al.*, 7 Greenl. 41; *Tompson* v. *Chandler*, 7 Greenl. 377.

If R. S., c. 95, § 15, is relied upon by the defendant, we say it has no application to the case at bar, the demandant's rights as a doweress having become perfect before the statute was made.

A statute is not to have a retroactive effect unless it clearly express that intention. *Torry* v. *Corliss*, 33 Maine, 333.

The defendant, claiming title by descent from Robert Barbour, is estopped from denying the seizin of William, under whom Robert claimed by deed of warranty. *Kimball* v. *Kimball*, 2 Greenl. 226 ; *Hains* v. *Gardner & al.*, 10 Maine, 383 ; *Smith* v. *Ingalls*, 13 Maine, 284.

The opinion of the Court was delivered by

CUTTING, J. — Previous to the coverture, the premises, in which dower is demanded, were conveyed to Timothy Little, in mortgage, to secure the sum of six hundred dollars. Subsequent to the marriage, and on Dec. 31, 1829, the husband quitclaimed, with covenant of warranty against the claims of all persons by, through or under him, the same premises to Robert Barbour, under whom the tenant claims, subject however to the mortgage, which was discharged, on payment of the sum secured, by Robert Barbour.

In *Wedge* v. *Moore*, 6 Cush. 8, under a very similar statement of facts, SHAW, C. J., remarks, " He (the tenant,) took his conveyance subject to that incumbrance, and it may be presumed that the consideration paid was less, by the amount of that incumbrance, than he would otherwise have paid. He paid off the incumbrance to clear his own estate, and took a discharge. The tenant must have either agreed to pay off and discharge this mortgage, as a part of the purchase, or, otherwise, he would, if evicted, have a remedy, under his general or special warranty, against the grantor, the demandant's husband. The fact that the tenant obtained a discharge of the mortgage, and did not take an assignment, leads to the conclusion that he was to pay the mortgage himself, as in effect, part of the purchase money. The tenant thus obtained all which his grantor's deed could give him, namely, the estate described, subject to his wife's inchoate right of dower."

We fully concur in the doctrine, as embraced in the foregoing citation, and find no authorities conflicting with it, in this or any other State ; certainly none such have been cited in the very learned and elaborate argument of the tenant's counsel.

At the time then, when the mortgage was discharged, the

demandant had an inchoate right of dower in the premises in which dower is demanded. But it was only an inchoate right, subject, before it was matured, to be modified, changed, or even abolished by legislative enactment. It could not have matured until the decease of the husband, which was on Oct. 26, 1854, prior to which time, namely, on August 1, 1841, our Revised Statutes went into operation. By c. 95, § 15, it is enacted, that "If, upon any mortgage made by a husband before intermarriage, his wife shall nevertheless be entitled to dower in the mortgaged premises as against every person, except the mortgagee, and those claiming under him; provided, that if the heir or other person, claiming under the husband shall redeem the mortgage, the widow shall repay such part of the money paid by him, as shall be equal to the proportion, which her interest in the mortgaged premises bears to the whole value thereof; or else she shall be entitled to dower only, according to the value of the estate, after deducting the money so paid for the redemption thereof."

In this case the tenant claims title under the husband, whose mortgage, made prior to the marriage, he has discharged, and by force of the statute he should be allowed the sum so paid to be marshalled in one of the modes pointed out in the enactment. Had the demandant brought her bill in equity and therein offered to repay such part of the money so paid as would be equal to the proportion, which her interest in the mortgaged premises bears to the whole value thereof, she would have been entitled to a conditional decree to that effect.

But, instead of equity, she has resorted to her common law remedy; by which she is entitled to dower only, "according to the value of the estate, after deducting the money so paid for the redemption thereof." Consequently, as the Judge ruled, this action is maintainable and the demandant is entitled to her *legal* dower in the premises.

*Exceptions overruled.*

TENNEY, C. J., and RICE, APPLETON, MAY, and DAVIS, J. J., concurred.