IN

# THE SUPREME COURT

OF

## PENNSYLVANIA.

### MIDDLE DISTRICT—HARRISBURG, 1881.

### Kister *versus* Reeser.

1. A clause in a deed conveying in fee a portion of a tract of land belonging to the grantor, to the effect that "the said A. B., grantor, doth reserve a road ten feet wide along the line of C. D., to be shut at each end by a bar or gate," will be construed to constitute a reservation to the grantor of a right of way, and not an exception from the conveyance of a ten-foot-wide strip of land.

2. A. B. having conveyed a portion of a tract of land belonging to him by a deed containing the above reservation, one E., by various mesne conveyances, became seised thereof. A. B. afterwards conveyed to his son F. another portion of said tract, by deed, which made no mention, however, of the reservation. Afterwards A. B. died. E. subsequently fenced in the land over which the right of way had been reserved, but F., entering, broke down the fences and passed over the same. In an action of trespass brought by E. against F.: *Held*, that the plaintiff was entitled to recover.

May 3d 1881.   Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

ERROR to the Court of Common Pleas of *York county.* Of May Term, 1881, No. 134.

Trespass *quare clausum fregit*, by Isaac Kister against

2 OUTERBRIDGE—1                          [1]

SUPREME COURT          *[Harrisburg*

George Reeser *et al.*  On the trial, before FISHER, P. J., the following facts appeared :

By indenture dated September 30th 1865, William Reeser and wife granted and conveyed to Henry H. Drorbaugh and his heirs a tract of land containing about nineteen acres, part of a larger tract of land owned by the said William Reeser in fee. This deed contained the following clause : " The said William Reeser doth reserve a road ten feet wide along the line of Joseph Burger, to be shut at each end by a bar or gate."  Burger's land formed one of the boundaries of the tract granted.

By indenture dated November 13th 1867, Drorbaugh and wife granted and conveyed the said tract to Isaac Frazer and his heirs.  This deed contained the following recital: " This being the same tract of land that William Reeser deeded to Henry H. Drorbaugh by deed dated the thirtieth day of September A. D. one thousand eight hundred and sixty-five, wherein said William Reeser reserves a road ten feet in width along the line of Joseph Burger's land, to be shut at each end with a bar or gate."

By indenture dated December 9th 1867, Frazer and wife granted and conveyed the same tract to Isaac Kister and his heirs.  This deed also contained the last-mentioned recital.

William Reeser died in March, 1872.  Prior to his death the said William Reeser, by indenture dated March 3d. 1872, granted and conveyed to his son, George Reeser, Sr., one of the defendants, another portion of the said large tract of land.  This deed contains no mention of the privilege of the said road reserved by the said William Reeser in his deed to Drorbaugh.  George Reeser, Sr., however, claims under the said reservation the use of a ten-feet-wide way over the land of Isaac Kister along the line of Joseph Burger.

In April 1880, Isaac Kister placed a permanent fence at each end of the line of reservation mentioned in the deed of William Reeser to Drorbaugh.  A short time afterwards George Reeser, Sr., and the other defendants, broke down the said fences, entered upon Kister's land, and drove a wagon across the same.  For this alleged trespass Isaac Kister brought this suit.

The plaintiff requested the Court to charge, substantially, that the right to a road reserved by William Reeser in his deed to Drorbaugh not having been reserved to the heirs and assigns of William Reeser, ceased and determined on the death of William Reeser in March 1872, and that such reservation was no justification of the trespass committed by the defendant.  The Court declined so to charge.

The defendants submitted, *inter alia,* the following point :

[Kister v. Reeser.]

2. That under the legal effect of the reservation in said deed from William Reeser to Drorbaugh, the portion of land ten feet wide along the line of Joseph Burger, for the use of a road, is *excepted* out of the grant, and remained as it was before for the purposes of a road; that the evident purpose of said reservation was to furnish egress and regress from the other lands of the grantor to and from the public road leading to Goldsboro', and the defendant, being the owner of those other lands, had a legal right to pass in and out to said public road, over the said land reserved in said deed, and committed no trespass in doing so.

*Answer.* Under the reservation in the deed of William Reeser and wife to Henry H. Drorbaugh for nineteen acres and thirty-five perches, dated September 30th 1865, the defendant had a legal right to pass over the road reserved in said deed, and did not commit a trespass in by entering as he did the premises of the plaintiff.

The Court further instructed the jury that the plaintiff was not entitled to recover, and directed them to find for the defendants.

Verdict accordingly for the defendants, and judgment thereon. The plaintiff took this writ of error, assigning for error the answers to points as above, and the instruction to find for the defendants.

*V. K. Keesey* (*J. W. Bittinger* with him), for the plaintiff in error.—The sole question in this case is whether the clause in the deed from William Reeser to Drorbaugh created in law an exception or a reservation. An *exception* excepts out of the thing granted a part of it, and leaves the estate in such part in the grantor the same as he had it before the grant; and where such an exception is expressed in a deed, the words " heirs and assigns " are not necessary. But where a *new* matter or right is stipulated for in a deed in favor of the grantor, it is a *reservation*, and to carry the right beyond the grantor's life, the words " heirs and assigns " are necessary: 2 Thomas's Coke Lit. *412; Shepherd's Touchstone 80; Whitaker *v.* Brown, 10 Wright 197. The evidence showed that prior to the deed from William Reeser to Drorbaugh no road existed, as such, over the line of reservation. The legal effect of the words of the reservation, " doth reserve a road ten feet wide along the line of Joseph Burger," is that the grantor reserves a *right of way* along said line. This is a new thing. It is an incorporeal right, and not an estate in the land itself. The Court was in error in construing the clause to operate by way of exception of a strip of *land* ten feet wide, to be used as a road by the grantor and his heirs and assigns, instead of a reservation by the grantor of a *right of*

*way* during his life, or ownership over a strip of the grantee's land ten feet wide.

*W. C. Chapman*, for the defendant in error.—Technical words of reservation may operate and be construed as creating an exception where the context and the subject-matter indicate such to have been the intention of the parties : 2 Thomas's Coke Lit. *412. The reservation here of a *road* means *land for a road*. It was not a thing incorporeal, for it was to be "ten feet wide," and an incorporeal hereditament cannot have dimensions. The land is the subject of the reservation, the use for a road, and being a thing *in esse*, it is a proper subject of an exception, and the reservation operates by way of exception out of the grant. Shoenberger *v.* Lyon, 7 W. & S. 184, 192.

Mr. Justice TRUNKEY delivered the opinion of the Court, June 20th 1881.

William Reeser, by deed dated September 30th 1865, conveyed to Drorbaugh part of a tract of land which he then owned, and Drorbaugh's title has been vested in the plaintiff. The deed contains this clause : " The said William Reeser doth reserve a road ten feet wide along the line of Joseph Burger, to be shut at each end with a bar or gate." Prior to the conveyance there was neither a public nor private road over the land. The owner in fee of land may travel over it when and where he pleases, and it would be vain to speak of his right of way within his lines. William Reeser died in 1872. The court properly treated the question as one of law ; for, aside from the conceded facts, there was no evidence to affect the construction of the deed or clause of reservation. If that clause is an exception of land ten feet wide, next to Burger's line, the plaintiff was not entitled to recover. But if it is a reservation of a way over said land, the defendants were trespassers. The land was granted in fee and a road reserved next Burger's line. This was to be shut at each end, and, subject to the grantor's use for a road, the grantee could enjoy it for all purposes. The word road has never been defined to mean land ; it is difficult to find a definition which does not include the sense of way, though the latter word is more generic, referring to many things besides roads. Road is generally applied to highway, street, or lane, often to a pathway, or private way, yet strictly it means only one particular kind of way. Its sense in this deed is very clear. Taking the entire clause, with reference to the grant, it means the reservation of a way. This is as plain as if the word way were in place of road. Lawyer and layman alike would understand the word road in

[Kister *v.* Reeser.]

this clause in the same sense as it is used in the statutes providing for grant of "private roads." A private road, obtained by proceedings under those statutes, is a mere way, the owner of the way having no interest in the land.

A private way is an incorporeal hereditament of a real nature, entirely different from a common highway; it is "the right of going over another man's ground." Where land is granted and the right of way reserved, that right becomes a new thing, derived from the land; and although, before the deed, the grantor had the right of way over the land whenever he chose to exercise it, yet when he conveyed the land the reservation was a thing separated from the right of the grantee in the land: State *v.* Wilson, 46 Me. 9. A reservation is the creation of a right or interest which had no prior existence as such in a thing or part of a thing granted. It is distinguished from an exception in that it is of a new right or interest. An exception is always of part of the thing granted, it is of the whole of the part excepted. A reservation may be of a right or interest in the particular part which it affects. These terms are often used in the same sense, the technical distinction being disregarded. Though apt words of reservation be used they will be construed as an exception, if such was the design of the parties. Thus, when a deed in fee of land was made, the grantor "saving and reserving, nevertheless, for his own use the coal contained in the said piece or parcel of land, together with free ingress and egress by wagon-road to haul the coal therefrom as wanted," it was held that the saving clause operated as an exception of the coal. The coal was land and the reservation of that part of the land excepted it from the grant. It was a thing corporate, existed when the grant was made, and differed from something newly created, as a rent or other interest strictly incorporeal: Whitaker *v.* Brown, 10 Wright 197. Here, the saving clause created the way over part of the land granted, a right strictly incorporeal, and is not an exception of part of the land contained in the grant.

Judgment reversed, and *venire facias de novo* awarded.