## Phillips, Appellant, *v.* Connellsville and State Line Ry. Co.

*Railroad companies—Private ways—Condemnation—Act of February 19, 1849, P. L. 79, Sec. 12—Construction.*

1. Section 12 of the Act of February 19, 1849, P. L. 79, requiring railroads crossing or intersecting any established road or way to construct their road so as not to impede the use of such established road or way has reference only to such roads or ways as are settled, fixed and determined by authority of law or are recognized as legal and public highways and to be used perpetually as such.

2. A private right of way granted for a period of forty years is not therefore an "established road or way" within the meaning of said act and railroad companies may condemn such private easements and use the land for railroad purposes although the use of the way for the transportation of persons or property will thereby be destroyed.

Argued Sept. 29, 1914.   Appeal, No. 49, Oct. T., 1914, by plaintiffs, from decree of C. P. Somerset Co., Equity Docket, 1912, No. 11, refusing an injunction in case of Margaret J. Phillips, Katharine M. Clifford and Mary L. Evans v. the Connellsville and State Line Railway Company.   Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ.   Affirmed.

Bill in equity for an injunction.   Before RUPPEL, P. J. The opinion of the Supreme Court states the facts.

The court, on final hearing, refused the injunction and dismissed the bill.   Plaintiffs appealed.

*Errors assigned* were in dismissing exceptions to various findings of fact and law of the trial judge and the decree of the court.

*Ernest O. Kooser,* with him *Francis J. Kooser,* for appellants.

*Chas. H. Ealy,* with him *Chas. F. Uhl, Jr.,* for appellee.

OPINION BY MR. JUSTICE MESTREZAT, January 11, 1915:

Noah Scott was the owner of several tracts of land in Addison Township, Somerset County, Pennsylvania, and on December 10, 1889, conveyed certain of those tracts to Lytle and McCune, the predecessors in title of the plaintiffs. The land conveyed by this deed was east of and adjacent to the Robert A. Taylor tract of land, owned by Scott, over which he granted in the deed a right of way in the following language: "And a further right of way to continue for the period of forty years is hereby granted and conveyed to the said parties of the second part, their heirs and assigns, through the Robert A. Taylor tract of land in Black Township, Somerset County, Pennsylvania, said right of way to be confined and limited to the old tramroad bed upon said tract." The Taylor tract lies along the Casselman river at the mouth of Iser's run and the lands conveyed to Lytle and McCune were above the Taylor tract on the run and its tributaries. It seems that from the time of the conveyance by Scott to Lytle and McCune the right of way over the Taylor tract was used for the transportation of lumber and other materials from the lands of the plaintiffs to the Baltimore and Ohio Railroad on the western bank of the Casselman river. There was a tramroad on the right of way extending across the Taylor tract to the Casselman river, thence across the river to a connection with the Baltimore and Ohio Railroad at Markleton. The learned court below finds that there was a narrow gauge road along the tramroad and that later a third or additional rail was placed outside the narrow gauge thereby constituting the road a standard gauge. It is not clear from the court's findings, whether the narrow gauge and, subsequently, the standard gauge were ad-

jacent to or upon the right of way. The fact, however, is not material in the disposition of the case.

In 1910 the Connellsville and State Line Railway Company, the defendant, constructed its road on the east side of the Casselman river and over and across the Taylor tract of land. It obtained permission of the Enterprise Lumber Company, claiming to be the owner of the right of way in question, to occupy and make a fill on the right of way in the construction of its road. In September, 1912, the plaintiffs filed this bill praying for an injunction to restrain the defendant railroad company from interfering with or closing the right of way over the Taylor tract. Subsequently the defendant railroad company filed its bond in the Common Pleas, and instituted condemnation proceedings to appropriate the interests of plaintiffs in that part of the right of way in question occupied by the railroad in crossing the way. The learned court below held in the condemnation proceedings that the railroad company had the right to condemn any interest the plaintiffs had in the right of way over the Taylor tract of land, and approved the bond filed by the company. In view of its conclusion in the condemnation proceedings, the learned court below dismissed the bill in the present case, holding that the plaintiffs were relegated to their claim for damages for any injuries sustained by the appropriation of the right of way by the railroad company. The plaintiffs have taken this appeal.

The plaintiffs claim to be the owners of the right of way over the Taylor tract, and contend that it is within section 12 of the Act of February 19, 1849, P. L. 79, which provides: "Whenever, in the construction of such road (railroad) or roads, it shall be necessary to cross or intersect any established road or way, it shall be the duty of the president and directors of the said company, so to construct the said road across such established road or way, as not to impede the passage or transportation of persons or property along the same." The single

question in the case, therefore, is whether, under this provision of the Act of 1849 the right of way in question is such an "established road or way" as requires the defendant railroad company "so to construct (its) said road across such established road or way as not to impede the passage or transportation of persons or property along the same."

There is a dispute as to the title to the right of way. The defendant railroad company claims that it acquired from the owners the right to cross and occupy the right of way, while the plaintiffs claim that the title is in them. The question, however, is unimportant and immaterial in this proceeding in view of our conclusion that the railroad company has authority to appropriate the crossing under its right of eminent domain.

We concur in the result reached by the learned court below that the defendant company can condemn for railway purposes the right of way in question, and that it is not within the meaning of section 12 of the general railroad Act of 1849 requiring the company so to construct its railroad as not to impede passage along the way. Lands and the estates, rights, interests and easements in, or appurtenant thereto, may be taken under the power of eminent domain: 2 Lewis Em. Dom. (3d Ed.) Sec. 412. The general railroad Act of February 19, 1849, P. L. 79, by section 10 authorizes the officers of a railroad company to locate and determine such route for their road as they may deem expedient, with certain noted exceptions, and thereon to construct a railroad between the points named in the special act incorporating such company. A railroad company incorporated under the act has implied authority not only to appropriate private rights of way but to cross highways or streets: 2 Lewis Em. Dom. (3d Ed.) Sec. 430. Section 12 of the act, however, as noted above, imposes the duty on the company in constructing its road over any "established road or way" to do so in such manner as not to impede the passage of persons or property over the

road. We think this limitation or restriction on the company's right of eminent domain does not contemplate mere private easement or rights of way granted over another's land. The word "road," as used generally in our laws, is uniformly applied to public roads, unless where the diminutive "private" is added thereto; it is synonymous with the term "highway": Respublica v. Arnold, 3 Yeates 417, 421. In the statute in question, "road" is used interchangeably with "way." The word "established" was used advisedly in the section under consideration and indicates the kind of road or way which the legislature intended should be protected in the construction of a railroad. It was not every footwalk, path or road used temporarily by one or more persons or granted to and used by an individual as a private right of way to and from his premises which might, at his pleasure, be discontinued or abandoned at any time and which was simply a property right. Applying the well recognized meaning of the word "established," the road or way which is not to be impeded in the construction of a railroad is a road or way which is fixed or settled unalterably. It is such as is settled, fixed and determined by authority of law or such as recognized as a legal and public highway and to be used perpetually as such. The primary purpose of the legislature by the enactment was to protect the public in the use of the highways of the Commonwealth, and not to protect a property owner in a private easement or right of way against the exercise of the state's right of eminent domain.

While the question raised by this record has not been directly adjudicated in this State, we have recognized the principle involved in more than one of our cases.

Turning to the right of way granted by Scott to Lytle and McCune, it will be observed that it is not a passage or roadway used by the owner for the purpose of securing access from one portion of his farm to another but is, as it necessarily must be, a way over the lands of an-

other. It was to continue for a limited period and to be "confined and limited to the old tramroad bed," its width not being otherwise designated in the grant. The purpose for which the way was granted is not set forth in the deed. Whether it was to be used as a walk or path for the use of persons or animals or a right of way on which a tramroad, a narrow gauge road or a standard gauge road was to be laid is not disclosed. The grant is simply for a right of way for a certain number of years over the Taylor tract of land, and is to be limited to the bed of an old tramroad. We are of the opinion that this was not an "established road or way" which is required by the Act of 1849 to be kept free from obstructions.

Decree affirmed.