# Reynolds v. Smith, Appellant.

*Mines and mining—Sale of coal in place—Tenants in common.*

A grant of coal which gives to the grantees the right to mine and remove all of the coal without definite limitation of time, and with no provision for forfeiture or reserved right of reëntry constitutes a sale of the coal in place.

Where there is a sale and conveyance of coal in place to three grantees, the grantees take as tenants in common, and if a grantee of two of the tenants in common mines the coal he is liable under the Act of April 25, 1850, P. L. 573, to account to the third tenant in common for one-third of the coal thus mined.

The grantee of the two tenants in common cannot claim that the third tenant in common is estopped from demanding an account, where there is nothing to show that the grantee was misled by the tenant in common with reference to the purchase of the property, or the management of it, and where it also appears that the grantee had abundant opportunity to learn just what the title was which he was acquiring, and that he had made the contract with the other two tenants in common without the knowledge of the third tenant in common, and without regard to him.

Argued April 10, 1918. Appeal, No. 44, April T., 1918, by defendant, from decree of C. P. Armstrong Co., Sept. T., 1916, No. 130, on bill in equity in case of J. B. Reynolds v. Anthony Smith. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

194, (1918).]          Opinion of Court below.

Bill in equity for an account.

KING, P. J., filed the following opinion:

By article of agreement, dated May 15, 1913, Isabell Reynolds, granted, demised and let unto R. W. Reynolds, J. B. Reynolds and Jacob Merwin, the right to mine and remove coal from her farm in East Franklin Township, Armstrong County, Pennsylvania, (describing it). To have and to hold the said premises......for the term of years necessary for mining and shipping said coal...... The party of the first part hereby waiving all surface damages, etc., of any sort or kind arising therefrom or from the removal of all of the said coal, etc.

The second parties to pay for each and every ton of 2,000 pounds of coal mined, passing over a one and one-half inch screen, a royalty of five cents, on or about the 20th day of each month for all coal mined during the preceding month.

On the 30th day of September, 1915, R. W. Reynolds and Jacob Merwin entered into an article of agreement with Anthony Smith, whereby they granted, demised and let to the said Smith, his heirs and assigns, the same premises, to mine and remove therefrom coal for the term of years necessary for mining and shipping said coal.......and waived all damages to the surface arising therefrom or from the removal of all the said coal, etc. Smith covenanted to mine a minimum, at least, of 20,-000 tons per year and to pay a royalty therefor to the said R. W. Reynolds and Merwin of eleven cents per ton, run of mine, 2,240 pounds to the ton, passing over a one and a half inch screen, on or about the 20th day of each month for all coal mined during the preceding month, etc.

Both of said agreements contained a provision that second parties should have the further right of mining and removing through said described premises other coal now or hereafter owned by second parties, their heirs or assigns.

As we view these agreements, they are sales of the coal in place, to which, as was said in Coolbaugh v. Lehigh & Wilkes-Barre Coal Co., 213 Pa. 28; Hicks v. Gallagher, 216 Pa. 243, and in the earlier case of Denniston v. Haddock, 200 Pa. 426, "the rules applicable to sales are not to be applied indiscriminately, but each is to be construed like any other contract by its own terms." The first undoubtedly vested a right to mine the said coal in R. W. Reynolds, J. B. Reynolds and Jacob Merwin as tenants in common. The second, vested the right of two of said tenants in common, in the defendant—Anthony Smith—and he, as their vendee, became tenant in common with J. B. Reynolds: McGowan v. Bailey, 179 Pa. 470 (479). As such tenant in common, he, Smith, exercised his undoubted right to take the common property and he had no other means of obtaining his own just share than by taking at the same time the share of the cotenant, J. B. Reynolds: Coleman App., 62 Pa. 252. Therefore, Smith, as the vendee of two of said tenants in common, in our view of the lease, obtained title to the coal as he mined it out and to all of the coal mined out from time to time, excepting only the share of the coal as mined out which belonged to J. B. Reynolds, his cotenant. Until the coal be mined out the legal title to it remained in the original tenants in common. If Smith should fail to pay for the coal when mined as provided in his lease, or if for some other reason he should default, the title to all the unmined coal would remain in the three original tenants or owners in common.

What was said in McIntosh v. Ropp, 233 Pa. 497, applies here: "Since the lease was in legal effect a sale ......the case must be looked upon as a development of the land by the tenant in common and a claim by a cotenant of her (his) share of the proceeds. The fact that the actual operations were carried on by third parties (by a third party) under the lease and not directly by Edward McIntosh (by R. W. Reynolds and

Jacob Merwin) would not serve to make the defendants (defendant) trespassers (a trespasser) or to cause them (him) to be regarded other than as cotenants (a cotenant)" (McGowan v. Bailey, supra.) This being our view of the case, it also answers the contention of the defendant, that the bill in this case is defective, because it does not join R. W. Reynolds and Jacob Merwin as parties defendants. Clearly then, if we are right in our construction of these leases the defendant, Anthony Smith, must account to J. B. Reynolds, the plaintiff, for the latter's share of the coal mined out by him, pursuant to the Act of April 25, 1850, P. L. 573, Section 24, unless in some way the said plaintiff has forfeited his right thereto.

The defendant contends that plaintiff is estopped from claiming such right because of his actions and conduct. "The doctrine of equitable estoppel by matter in pais requires that when the conduct of the party has been such as to induce action by another, he shall be precluded from afterwards asserting to the prejudice of that other, the contrary fact of that of which his conduct has induced the belief. The primary ground of the doctrine is that it would be a fraud in a party to assert what his previous conduct has denied, when on the faith of that denial others have acted. The element of fraud is essential, either in the intention of the party estopped, or in the effect of the evidence to which he attempts to set up. If the truth be known to both parties, or if they have equal means of knowledge, there can be no estoppel": Tonge v. Item Pub'g Co., 244 Pa. 417 (424).

There is no evidence in this case that would warrant the conclusion that J. B. Reynolds by act, or conduct, by word or silence, induced Anthony Smith to enter into the contract of Sept. 30, 1915, and to enter into possession of the premises and then operate and mine coal. The evidence is that he had executed and recorded the said contract before he ever saw or spoke to the plaintiff, and there is nothing in the subsequent conduct of the

plaintiff that would justify a finding of fraud on his part. What was there to prevent the defendant from ascertaining the exact status and truth respecting the interest of the plaintiff in the said premises? When defendant closed his contract with R. W. Reynolds and Merwin, at the time the agreement was being reduced to writing, in the office of the attorney, the evidence shows conclusively that the lease or agreement between Isabell Reynolds and R. W. and J. B. Reynolds and Jacob Merwin, was there and could have been seen by him if he had desired to look at it. Question by plaintiff's counsel to Smith, "And you knew the lease was in the office of John P. Golden? Answer. Yes, sir. Question. And you knew that your lease was being copied from that lease? Ans. Yes, sir. Question. And you never asked to see that lease? Ans. No, that was not my business." Then again he was interrogated and answered as follows: "Q. You say right after the lease was made you came up to the courthouse and left the lease to be recorded? A. Yes, sir. Q. And the lease from Mrs. Reynolds was left to be recorded at the same time? A. Yes, sir; at the same time. Mr. Merwin took it from Mr. Golden's office to the courthouse. Q. Did you go up with him? A. Part ways. I waited outside. Q. You saw Mr. Merwin put both leases in his pocket? A. Yes, sir. Q. And start to the courthouse? A. Yes, sir. Q. You never asked to see that lease from Mrs. Reynolds or to have it read to you? A. No."

It has been held that one is not relieved, who has the means of becoming acquainted with the extent of his rights: Crest v. Jack, 3 Watts 240; Brandmeier v. Pond Creek Coal Co., 219 Pa. 19; Tonge v. Item Publishing Co., 244 Pa. 419.

It was not incumbent upon the plaintiff to hunt up the defendant and to notify him of his interest in the premises, under such circumstances of information and knowledge open to the defendant.

The recording of the Isabell Reynolds lease at same

time as the lease to Smith was notice to him of plaintiff's title.

It is quite manifest that the defendant, having abundant opportunity to inform himself of plaintiff's title, did not think worth while to do so. He has no one (especially not the plaintiff) but himself to blame for the dilemma in which he now finds himself.

There is likewise no evidence that J. B. Reynolds prior to the Smith lease forfeited his title by abandonment, surrender, or by conduct that would operate as an estoppel in law. Certainly no sufficient evidence upon which to base such a finding. The developments made by R. W. Reynolds and Merwin were made without asking the cooperation or consent of J. B. Reynolds and with full knowledge of his interest (vide Crest v. Jack, supra).

We therefore have found as a fact, that Anthony Smith, the defendant, from October, 1915, to the first day of February, 1917, mined and removed 37,539 and 89-100 tons of coal as aforesaid owned in common and that of this amount J. B. Reynolds as cotenant owned the one-third part, to wit: 12,513 and 29-100 tons, and that he has received no consideration therefor and having further found that eleven cents per ton is a fair price or royalty for the said coal and a fair value for mining and removing the same, it follows from these and all our findings of fact and law that such a decree in this cause should be made as will require payment of a fair consideration to J. B. Reynolds, the plaintiff, for his share of the coal held in common and mined out and removed as aforesaid.

## DECREE.

And now, February 15, 1917, this cause came on to be heard on bill, answer, replication and proof and was further heard and argued by counsel on February 21, 1917, and upon consideration thereof, it is now ordered, adjudged and decreed as follows: (1) That the said Anthony Smith pay to J. B. Reynolds the sum of $1,-

376.46 as and for his share of the coal mined out and removed by the said Smith from October, 1915, to February 1, 1917, as aforesaid, together with interest on the said amount from February 1, 1917.

(2) That Anthony Smith pay the costs of these proceedings.

(3) That the prothonotary be and is now directed to enter this decree nisi and to give notice to all parties interested or their counsel of the filing thereof, and that if no exceptions be filed within ten days therefrom, this said decree shall be entered as the final decree as of course.

*Error assigned* was the decree of the court.

*Orr Buffington,* with him *O. W. Gilpin,* for appellant.—Smith is not a tenant in common with the plaintiff. He is a sublessee under R. W. Reynolds and J. Merwin and plaintiff's claim was against them: McGowan v. Bailey Wilson & Co., 179 Pa. 470; Lancaster v. Flowers, 208 Pa. 199.

*Harry C. Golden,* with him *H. N. Snyder,* for appellee. —The doctrine of equitable estoppel has no application under the facts of this case: Crest v. Jack, 3 Watts 238; Tonge v. Item Pub. Co., 244 Pa. 417.

OPINION BY HENDERSON, J., July 10, 1918:

The agreement of May 15, 1913, between Isabella Reynolds, the grantor, and R. W. Reynolds, J. B. Reynolds and Jacob Merwin, the grantees, was a sale of the coal in place. It gave to the latter the right to mine and remove all of the coal without definite limitation of time. There was no provision for forfeiture or reserved right of reëntry. Such an agreement is within the decision in Coolbaugh v. Lehigh & Wilkes-Barre Coal Co., 213 Pa. 28, and many other cases. The grantees were, therefore, tenants in common of the coal. When R. W. Reynolds

and Merwin entered into the contract with the defendant they only transferred their respective interests to him. Not having title to the whole it is obvious that Smith acquired from them no greater interest than they owned. As a result of his purchase from them he stood in their place with reference to J. B. Reynolds with the same rights with respect to the coal which his vendors possessed before the sale to him. He became a tenant in common with J. B. Reynolds. He had a right to mine and sell coal but in doing so he necessarily took the property of his cotenant and for that he is bound to account. The Act of April 25, 1850, P. L. 573, gives to the plaintiff the right to call on his cotenant for his share of the proceeds of the coal. It was mineral removed by one of the cotenants and the statute covers such a case: McIntosh v. Ropp, 233 Pa. 497. When R. W. Reynolds and Merwin sold to the appellant they ceased to be further interested as purchasers under the contract with Mrs. Reynolds, and could not properly be made parties in this proceeding. They owed nothing to the plaintiff and were under no obligation to account to him. The defendant removed the coal and as he only owned two-thirds of it his responsibility is directly to the plaintiff.

The case is destitute of evidence that the plaintiff is estopped by his conduct from demanding an account. Nothing in the evidence tends to show that the appellant was misled by the plaintiff with reference to the purchase of the property or the management of it. The contract with R. W. Reynolds and Merwin was made without the knowledge of the plaintiff and without regard to him. The defendant proceeded to operate the property as if it were his own. It was his duty to ascertain what title he was acquiring and as against the plaintiff he cannot be heard to say that he understood he was getting all of the coal. The lease from Mrs. Reynolds was seen if not read by him at the time his contract was written and was used in its preparation. He had abundant opportunity to learn therefore, just what the title was

Opinion of the Court.    [70 Pa. Superior Ct.

which he was acquiring: Crest v. Jack, 3 Watts 238; Tonge v. Item Publishing Co., 244 Pa. 417. The opinion of the learned trial judge is well sustained by reason and authority and the determination of the amount due is in accordance with the evidence.

The decree is affirmed at the cost of the appellant.