# Hoffmaster *v.* Baird et al., Appellants.

*Equity—Tenants in common—Partition—Deeds—Reservation— Leases—Oil leases—Bill to compel execution of oil leases.*

On the trial of a bill in equity to compel the execution of a lease, it appeared that three children, holding a tract of land as tenants in common, by deed divided it, each taking a fee in a particular tract. To each was reserved respectively a one-fourth interest, for life, in the profits of the oil, gas, minerals, etc., but to each was given the full and sole power to lease the oil, gas, minerals, etc., upon each respective tract, as if each were the sole owner thereof. Under such circumstances, a chancellor cannot compel one of the owners to execute an oil lease at the instance of another.

A reservation is the creation of a right or interest which had no prior existence as such in the thing or part of the thing granted. It is distinguished from an exception in that it is a new right or interest. An exception is always a part of the thing granted. A reservation may be of a right or interest in the particular part which it affects.

The parties conveyed all the title they had and, by reservation, created new interests out of the parts of the land respectively conveyed to each. The right which each had, as tenants in common, to lease without express authority from his co-tenants, was given to the respective owners of the several tracts.

Argued October 28, 1925. Appeal No. 92, April T., 1926, by defendants, from decree of C. P. Lawrence County, Sitting in Equity, June T., 1924, No. 2, in the case of Delmer M. Hoffmaster v. Florence A. Baird

and John S. Baird. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Bill in equity to compel the execution of a lease. Before HENNINGER, P. J., 50th Judicial District specially presiding.

The facts are stated in the opinion of the Superior Court.

The court entered a decree compelling the defendants to execute the lease. Defendants appealed.

*Error assigned* was, among others, the order of the court.

*J. N. Martin,* of *Martin and Martin,* and with him *Cunningham and Graham,* for appellant.

*James W. Rhodes,* and with him *William McElwee, Jr.,* for appellee.

OPINION BY LINN, J., February 26, 1926:

This was a bill to require appellants to execute and deliver an oil lease, pursuant, as plaintiff's brief states, to "a necessarily implied covenant to lease when a reasonable and proper opportunity presents itself." The chancellor accepted that view, and decreed that appellants execute the proposed lease. Appellants stand on the expressed provision of the deed. We all agree that the bill should be dismissed.

Plaintiff and Florence Baird, one of appellants, are children of David Hoffmaster, deceased. On his death, intestate, his lands, subject to the life estate of the widow, descended to three children, tenants in common. This tenure was changed in 1902 by a deed dividing the inheritance, each child taking certain land, two of them taking in fee, subject to an annual charge of $100 payable to the widow for her life, the other taking for the

joint use of herself and the widow during the widow's life, with the remainder to herself after the widow's death. The deed recited that the conveyances were made "reserving" to the children respectively "one-fourth interest in the profits of the limestone, ore, coal, fireclay, oil, gas or other minerals in the lands aforesaid, as is hereinafter more particularly set forth." The habendum declared the titles to be in fee simple, subject to the widow's interest. Following those provisions came this: "And it is further agreed and understood that the said Delmer M. Hoffmaster as to his said lands and the said Florence A. Baird as to her said lands and the said Clara V. Hoffmaster as to her said lands shall have the full and sole power to lease the limestone, ore, coal, fire clay, oil and gas and other mineral in, under, and upon each respective tract or tracts owned by each respectively, and to sell the same, reserving royalties, in the same manner as if each were the sole owner thereof, and from the profits obtained from the rentals or the royalties each shall pay to each of the others the one-fourth of the said profits for and during the natural life of the others respectively, it being the true intention of this agreement that when either of the said parties dies, his or her interest in the profits of the limestone, ore, coal, fire clay, oil, gas, etc., in the lands of the others, shall cease and determine. That is to say, upon the decease of the said Delmer M. Hoffmaster, his said one-fourth interest in the said limestone etc., in the lands of the said Florence A. Baird and Clara V. Hoffmaster shall cease, and upon the decease of the said Florence A. Baird her one-fourth interest in the limestone, etc., in the lands of the said Delmer M. Hoffmaster and Clara V. Hoffmaster shall cease, and upon the decease of the said Clara V. Hoffmaster her one-fourth interest in the lands of the said Delmer M. Hoffmaster and Florence A. Baird shall cease. But it is agreed that should said Clara V. Hoffmaster lease or sell, reserving royalties,

during the life of the said Mary A. Hoffmaster, and in case the latter should survive the said Clara V. Hoffmaster, then the said Mary A. Hoffmaster to have the profits of said limestone, etc., arising from the lands of the said Clara V. Hoffmaster for and during the life of the said Mary A. Hoffmaster. And it is further agreed that all the personal estate of the said David Hoffmaster, deceased, now in the possession of the said Clara V. Hoffmaster and Mary A. Hoffmaster in and upon the premises taken by them, shall be their joint property and the property of the survivor of them, and that the other parties hereto will make no claim thereto.''

Defendants entered on their land, spent considerable sums in agricultural improvements and have made it a valuable and productive farm. In 1919 the widow died. In 1902, when the deed was made, there had been no drilling for oil or gas on these lands or in the township in which they are located.

In 1924, oil and gas having been found in adjoining lands, plaintiff caused to be prepared a draft of an oil and gas lease in the form usual for the purpose, had it executed by the proposed lessee, and presented it to defendants for execution and delivery; it proposed the lease of the land taken by plaintiff's sister Florence A. Baird (one of appellants) ''for the purpose of operating and drilling for petroleum and gas, to lay pipelines, erect necessary buildings, release and subdivide......'' the land, reserving to the lessors ''200 feet around the present dwelling and barn......'' Appellants declined to execute it, on the ground that they did not wish to make any lease. This bill was then filed to require it.

As the decision turns on the construction of the deed, nothing more need be said about the trial, save perhaps that the chancellor found that the terms of the lease tendered ''are fair to both parties.'' He held that the deed did not convey the land in fee simple ''but

......with life estates reserved by [the grantors]'' in the minerals; and ''that there is an implied covenant in the said partition deed that the parties......will lease or sell on royalties the limestone, coal, ore, fire clay, oil, gas and other minerals in and under the lands set over to them whenever a proper and reasonable opportunity is presented.'' He understood the parties to intend to separate the surface from the minerals; to divide the surface into three parts and to convey one part to each in fee (subject to the widow's life interest); to retain in the specified proportions the undivided joint ownership of the minerals under the surface allotted to each, and to make each an attorney-in-fact, for the others to sell or ''to lease'' for the purpose of mining for the benefit of all.

Our difficulty with that view is that it writes into the deed a substantive provision which the parties have not put there, and we note that there is no averment or contention that anything was omitted by fraud, accident or mistake. The point presents itself in the part of the deed already quoted, ''and it is agreed that the said [children, each as to his or her land] shall have the full and sole power to lease the said.......[minerals] in, under and upon each respective tract......owned by each...... and to sell the same reserving royalties in the same manner as if each were the sole owner thereof, and from the profits obtained from the rentals or the royalties each shall pay to each of the others the one-fourth of the said profits for [life]......it being the true intention of this agreement that when either (any) of the said parties dies his or her interest in the profits of the [minerals] in the lands of the others shall cease......''

That agreement is made part of the reservation by the words; ''as is hereinafter more particularly set forth.''

We then inquire what the parties reserved. In the first place we note, that though they were tenants in

common of all the lands before the deed was made, they excepted nothing from the conveyance, but, on the contrary, they transferred the entire title, making only a reservation. While reservations and exceptions are occasionally confused, the difference is well settled. In Lauderbach-Zerby Co. v. Lewis, 283 Pa. 250, at 254, it is said: "A reservation is the creation of a right or interest which had no prior existence as such in a thing or part of a thing granted. It is distinguished from an exception in that it is a new right or interest. An exception is always a part of the thing granted.......A reservation may be of a right or interest in the particular part which it effects. These terms are often used in the same sense, the technical distinction being disregarded: Kister v. Reeser, 98 Pa. 1, 5; Schmidt v. Lieberum, 54 Pa. Superior Ct. 500. The intent of the grantor must be disclosed by the words used: Mandle v. Gharing, 256 Pa. 121; Sheffield Water Co. v. Elk Tanning Co., 225 Pa. 614." If the reservation is ambiguous, it is taken most strongly against the grantor (in this case the plaintiff): Sheffield Water Co. v. Elk Tanning Co., supra.

By the deed before us, the parties conveyed all the title they had, and by reservation created new interests out of the parts of the land respectively conveyed to each, to wit: a life interest in part of the profits realized by any grantee out of the minerals in his or her land. The precedents relied on below, that "a grant or devise in the profits of land passes the land itself" (Drusadow v. Wilde, 63 Pa. 170, 172), have no application because there is no such grant, there is a reservation of an interest in the thing granted. It was doubtless because the parties intended to make a reservation and not an exception, that to enable any of them to collect, in case of lease, they included the agreement conferring on the grantee the full and sole power to lease or to sell the minerals in the same man-

ner as if each grantee were the sole owner thereof, because that provision would have been unnecessary if the parties had intended by an exception from the conveyance, to continue to hold the minerals under all the lands of decedent as tenants in common (though in different proportions from what they held originally) ; it would likewise have been unnecessary to authorize the grantee in possession to make such lease; as tenants in common as they originally held, each had the right to lease without express authority and was likewise bound to account to the co-tenants in the proportions of their interest; that obligation was specially imposed by the Act of April 25, 1850, P. L. 573; see, too, Reynolds v. Smith, 70 Pa. Superior Ct. 194, 201; McIntosh v. Ropp, 233 Pa. 497, 513.

Instead, therefore, of holding as appellee's argument would require, that the provision in question was inserted in the deed unnecessarily, since the law already imposed precisely that obligation on the parties, we must hold that the parties intended to express something which the law had not already expressed for them, and that they intended to create a personal interest in each for life in one-fourth of the profits actually received by any of the others on any sale or lease of minerals if such lease or sale should be made. It follows, therefore, because it is expressly so stated, that if each child has the full and sole power to lease or sell the minerals as sole owner, the court cannot order it to be done. It must not be overlooked that this reservation was subordinate to the general partition of the land; the land conveyed to defendant was agricultural and she immediately improved it for that purpose, and has so used it since.

The decree is reversed, and the record is returned with instructions to dismiss the bill at the cost of appellee.