## Stiely, Appellant, *v.* Pennsylvania Public Utility Commission.

Argued March 14, 1967. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*Robert E. Woodside,* with him *R. J. Woodside,* and *Woodside & Woodside,* for appellant.

*William A. Goichman,* Assistant Counsel, with him *Robert M. Harris* and *John M. Watkins,* Assistant Counsel, and *Joseph C. Bruno,* Chief Counsel, for Pennsylvania Public Utility Commission, appellee.

*Harold S. Shertz,* and *Morgan, Lewis & Bockius,* for Pennsylvania Motor Truck Association.

OPINION BY WRIGHT, J., April 12, 1967:

On October 11, 1965, the Pennsylvania Public Utility Commission instituted on its own motion a complaint against Wellington Stiely charging the unauthorized operation of a motor vehicle as a common or contract carrier. Stiely filed an answer to the complaint. The Pennsylvania Motor Truck Association was permitted to intervene. By agreement, the matter was submitted on oral argument and briefs without

hearing. On January 3, 1966, the Commission filed an order sustaining the complaint. Stiely has appealed.

The facts are not in dispute. Stiely used his dump truck to transport stone for compensation from the Faylor Lime and Stone Company in Washington Township, Dauphin County, to premises in the Borough of Gratz, Dauphin County. This stone, more precisely known as coarse aggregate, was to be used in the construction of a road on private property owned and operated by the Gratz Fair, Incorporated. Stiely had not been granted a certificate of public convenience as a common carrier or a permit to operate as a contract carrier. He contends that such authority is not necessary since the substance transported was road construction material.

The controlling issue before us involves an interpretation of definitions set forth in the Public Utility Law. Subsections (6) and (7) of Section 2 of the Act of May 28, 1937, P.L. 1053, as amended, 66 P.S. 1102, read in pertinent part as follows:

"(6) 'Common Carrier by Motor Vehicle' means any common carrier who or which holds out or undertakes the transportation of passengers or property, or both, or any class of passengers or property, between points within this Commonwealth by motor vehicle for compensation . . . but shall not include . . . (d) any person or corporation who or which uses, or furnishes for use, dump trucks for the transportation of ashes, rubbish, excavated and road construction materials".

"(7) 'Contract Carrier by Motor Vehicle' means any person or corporation who or which provides or furnishes transportation of passengers or property, or both, or any class of passengers or property, between points within this Commonwealth by motor vehicle for compensation . . . but shall not include . . . (e) any person or corporation who or which uses, or furnishes for use, dump trucks for the transportation

of ashes, rubbish, excavated or road construction materials".

As stated in its brief, the Commission takes the position on this appeal that the term " 'road construction materials' pertains only to transportation to public road construction sites". We are of the opinion that such a limited interpretation may not be sustained[1].

The Commission reasoned that the intent of the legislature "was to limit the exemption or exception to materials used in the construction of public roads and, in connection therewith, to exempt or except only the transportation of road construction materials to the site of the construction or repairs of a public road". Mr. Justice EAGEN of our Supreme Court, when on the Common Pleas Court, had no difficulty in concluding, contrary to the Commission's position, that the statutory provision under consideration had application, although the material in question (bituminous sand) was not being transported to the site of any construction or repair but was being transported to a stock pile on the private property of a construction company. See *Commonwealth v. Mangiacarne*, 55 Lack. Jur. 84.

To lawyer and layman alike, the word "road" has a common meaning. As stated in *Kister v. Reeser*, 98 Pa. 1, the term "is generally applied to highway, street, or lane, often to a pathway, or private way". The Commission in its order placed reliance on the case of *Respublica v. Arnold*, 3 Yeates 417, wherein it was stated that the word road "is uniformly applied to public roads unless where the diminutive private is added thereto". That case involved an indictment for nuisance in obstructing river water thereby causing

---

[1] In view of our disposition of the principal issue it is unnecessary to discuss two subordinate questions raised by Stiely and stated in his brief as follows: 1. The Pennsylvania Motor Truck Association has no right to intervene. 2. The statutory provision must be strictly construed against the Commission.

it to overflow "the Commonwealth's highway". It does not control the instant appeal where the word "road" is used not as a noun but as an adjective to describe a type of construction material. Cf. *Phillips v. Connellsville and State Line Ry. Co.*, 247 Pa. 560, 93 A. 603.

Subsection (12) of Section 2 of the Public Utility Law expressly defines the term "highway" as a way or place "open to the use of the public as a matter of right". It should be noted that, in issuing certificates of public convenience, the Commission itself recognizes a distinction between the term "highway" construction materials and the term "road" construction materials. See *Pa. P.U.C. v. Bearoff Brothers, Inc.*, 41 Pa. P.U.C. 321. It would appear that the interpretation by the Commission of the term "road construction materials" in the *Bearoff* case is inconsistent with the interpretation of that term which the Commission advocates on the instant appeal. If the legislature had intended the latter interpretation it would have used the term "highway construction materials" rather than the term "road construction materials". This it did not do, and we are unwilling to rewrite the statute.

The order of the Commission is reversed, and the complaint is dismissed.