[Philadelphia, April 3d, 1837.]

## WORRALL *against* RHOADS.

#### IN ERROR.

Twenty-one years uninterrupted enjoyment of a right of way, affords presumptive evidence of a grant of the easement, whether the land over which the way passes be enclosed or unenclosed, cleared or woodland.

WRIT of error to the Court of Common Pleas of Delaware county, to remove the record of an action upon the case brought by Abel Worrall against Joseph Rhoads, to recover damages for obstructing the plaintiff's right of way from his dwelling-house and farm into the public highway.

Several witnesses were examined on the trial, who proved that the plaintiff, and those under whom he claimed, and others, had for about forty years used a road across the defendant's land to get to the public highway. The land over which the road passed was unenclosed, and partly woodland. It also appeared that different tracks had been used across the lands indiscriminately, according as individuals wished to go in one direction or another.

When the evidence was closed, the plaintiff's counsel requested the court to charge the jury upon the following points.

" 1. That an adverse enjoyment of a way over another's land for twenty-one years, is a ground for the jury to presume a grant.

2. And that in this case, if the jury believe from the evidence that the plaintiff, or the occupiers of his farm, have used a way uninterruptedly upon and over the land of the defendant for more than twenty-one years, they have a right to presume a grant, whether the ground over which the way has been used be improved or unimproved land.

3. That the circumstance of individuals using different tracks through the woods, and coming out at different points into the public road, does not militate against the plaintiff's right, if the jury shall believe from the evidence that he has used the right of way from his own land, over the land held by the defendant, for more than twenty-one years before the commencement of this suit."

The court (DARLINGTON, President,) charged the jury upon these points, as follows :

(Worrall *v.* Rhoads.)

"In answer to the two first propositions, the jury are advised that by analogy to our act of limitations, an uninterrupted adverse usage and enjoyment of a right of way or other easement over the land of another, will give him a title still to enjoy it; for as such a possession would give him a possessory right to the land itself, it is reasonable that it should also give a right to a minor interest arising out of it. Such a possession authorizes the jury to presume a grant or conveyance of some sort of the right of way; but at the very foundation of such presumption is the difficulty of accounting for such an adverse possession or enjoyment, without such a grant or conveyance, and this presumption would be strong indeed if the enjoyment of the easement or way were over the improved or valuable fields, meadows, gardens, or other enclosed lands of another, and with the appearance of being adverse to his will and injurious to his interest. But this presumption may be weakened or rebutted by proof "that although the enjoyment was with the acquiescence of the owner of the inheritance, it was not adverse, but with the leave of the owner of the soil," and I think the presumption of a grant may also be weakened and rebutted by the nature and situation of the land over which the way is claimed, for I cannot believe that the mere travelling of a neighbour or neighbours over one track, or over many and promiscuous ones, over unenclosed commons, or unenclosed woodland even for twenty-one years or more, ought to be considered as the adverse enjoyment of an easement, from which a jury should be bound to presume a grant. Such an enjoyment of a way could be well accounted for without the necessity of presuming a grant; it may be well referred to the leave or sufferance of the defendant, or it would be somewhat like mutual trespasses, or a mixed possession of unimproved woodland, where the possession will be adjudged in him who has the title, and the possession of neither of them adverse. And unless the jury in this case are bound to presume a grant of this right of way, which in our opinion they are not, the plaintiff has no right to recover.

3. As to the third proposition, it is true if the plaintiff shall have shown a right to a way over the lands of the defendant by a usage of twenty-one years, on the principles above stated, the circumstance of individuals using different tracks through the woods, or coming out at different points, does not militate against such right of the plaintiff."

The jury found for the defendant; whereupon the plaintiff took a writ of error, and filed the following reasons:

"1. The court erred in refusing to charge the law as stated in the 1st and 2d points submitted by the plaintiff's counsel.

2. The court erred in charging the jury that they were not bound to presume a grant of the right of way.

(Worrall v. Rhoads.)

3. In not charging the jury that the plaintiff was entitled to a way from necessity.

4. The court erred in their charge to the jury. They should have charged in favour of the plaintiff upon the question of usage of the right of way."

Mr. *Edwards*, for the plaintiff in error, cited 3 *Kent's Commentaries*, 421 ; 3 *Cruise's Digest, tit. Ways*, p. 111.

Mr. *Dick*, contra, cited 3 *Starkie Evi.* 1214; *Woolrych on Ways*, 14 ; *Cooper* v. *Smith*, (9 *Serg. & Rawle*, 26.)  *Campbell* v. *Wilson*, (3 *East*, 294.)

The opinion of the court was delivered by

KENNEDY, J.—The only question presented by the record of this case, in which the President Judge of the court below can for a moment be supposed to have erred, arises out of his instruction to the jury on the second point submitted by the plaintiff's counsel. By this point the counsel requested the court to charge the jury, " that if they believed, from the evidence, that the plaintiff, or the occupiers of his farm, had used a way uninterruptedly upon and over the land of the defendant for more than twenty-one years, they had a right to presume a grant, whether the ground, over which the way had been used, was improved or unimproved land." To this, although his Honour, the President Judge in his reply, did instruct the jury, that " such possession authorized the jury to presume a grant or conveyance of some sort of right of way," yet he seems to have neutralized or done away the effect of it, if not to have negatived it entirely as to this case, by saying at the same time, " I think the presumption of a grant may be weakened and *rebutted* by the nature and situation of the land over which the way is claimed, for *I cannot believe*, that the mere travelling of a neighbour or neighbours in *one track*, &c., over *unenclosed* commons or *unenclosed* woodland, even for twenty-one years or more, ought to be considered as the *adverse* enjoyment of an easement, from which a jury should be *bound to presume a grant*, &c. And unless the jury in this case are bound to presume a grant of this right of way, *which in our opinion they are not*, the plaintiff has no right to recover."

By analogy to the statute of limitations of 21 Jac. 1, c. 16, relating to lands in England, the general rule established on the subject is, that an uninterrupted enjoyment of such an easement as is claimed here, for the space of twenty years, unanswered and unexplained, affords presumptive evidence of title. *Campbell* v. *Wilson*, (3 *East*, 294); 2 *Stark. Evi.* 914, 5th Amer. ed.  And though this presumption may be repelled by evidence, which accounts for the

(Worrall *v.* Rhoads.)

possession or *user*, without resorting to a title, by grant or other-wise, yet I am not aware that, before this case, it was ever thought, much less adjudicated, that the circumstance of the land being un-enclosed, whether clear or woodland, over which the way or road was used and occupied for the space of twenty-one years, or up-wards, was sufficient to repel or rebut the presumption. It cannot be pretended that one man has a right to enter or pass, even for a single occasion, upon the land of another, without some authority, either of law, or by the consent of the latter, notwithstanding it may be clear or woodland unenclosed. And certainly much less can it be claimed that he has a right to do so, and to use it at all times and continuously for all purposes as his right of way, as would seem to have been the case here, without having a title to warrant it. " The land," says the author of the Doctor and Student, diag. 1, c. 8, page 30, " of every man is in the law *enclosed* from other, though it lie in the *open* field; and therefore, if a man do a trespass therein, the writ shall be *quare clausum fregit.*" So Mr. *Selwyn*, in his *Nisi Prius*, 2d vol. tit. Trespass, page 481, (Wheat. ed.) lays it down that " the land of every owner or occupier is *enclosed* and set apart from that of his neighbours, either by a tangible and visible fence, as one field is separated from other by a hedge, wall, &c., or by an ideal, invisible boundary, existing only in contemplation of law, as where the land of one man adjoins to that of another in the same *open* or *common* field. Hence every unwarrantable entry upon the land of another is termed a trespass, by breaking his close." See also 3 *Bl. Com.* 209. And accordingly it was held by the Supreme Court of New York in *Wells* v. *Howell,* (19 *Johns.* 385,*) where the defendant's cattle entered the *unenclosed* field of the plaintiff, and destroyed the grass, &c., that the defendant was liable for the damages, in an action of trespass. For the same reason it is not justifiable for a man to enter the land of another with his cattle, because it lies open to the highway. 2 *Roll. Abr.* 565. l. 47. 6 *Com. Dig.* tit. Trespass, D. p. 383, (Rose's ed.) An action of trespass also lies for setting the end of a bridge on the plaintiff's soil, though a *public highway. Lade* v. *Shepherd,* (2 *Stran.* 1004,) or for erecting a stall in a *market,* without a license from the owner. *Mayor, &c.* v. *Ward, (Id.* 1238); S. C. 1 *Wils.* 107. And trespass was held also to lie against a defendant, who was owner of the land, and a ferry right on one side of the Monongahela river in this state, for landing his passengers on the land of the plaintiff on

---

* It is not intended, by citing this case, to assert that trespass will lie in this state for the same cause, because our acts of assembly, in regard to fences, may perhaps be con-sidered as exempting the owner of cattle from being liable to an action of trespass on account of their going upon the unfenced land of another, in consequence of the owner's permitting them to run at large. But it must be observed, that we have no act of assem-bly which authorizes the owner of cattle to drive or take them upon the land of another, whether fenced or unfenced; and if he does so, doubtless an action would lie.

(Worrall *v.* Rhoads.)

the opposite side, though on a *public highway. Chess* v. *Manown,* (3 *Watts,* 219.) See also *Chambers* v. *Fury,* (1 *Yeates,* 167,) and *Cooper* v. *Smith,* (9 *Serg. & Rawle,* 31,) where the same principle was previously settled and recognized.

Now according to the principle of all these cases, and the authorities cited, there seems to be nó reason for making any distinction between the legal effect of a person's occupying, for the space of twenty-one years, a way over the clear land of another, which is enclosed by a visible fence, and his clear or woodland that is unenclosed, or enclosed merely by an ideal one. For all are considered as enclosed by the law; and the owner is entitled to be protected in the quiet, exclusive and undisturbed enjoyment of the latter description of land, as much, and to as great an extent as in that of the former. It is therefore obvious, that such an occupation of a way over either, is equally opposed to the absolute right and dominion of the owner over his land, and can only be lawfully exercised by another, either as a matter of right, under a grant from him, or by leave or favour. But in the absence of all evidence tending to show that such long-continued use of the way may be referred to a license, or other special indulgence, that is either revocable or terminable, the conclusion is, that it has grown out of a grant by the owner of the land; and has been exercised under a title thus derived; the law favours this conclusion, because it will not presume any man's act to be illegal. It is also reasonable to suppose that the owner of the land would not have acquiesced in such enjoyment for so long a period, when it was his interest to have interrupted it, unless he felt conscious that the party enjoying it had a right and a title to it, that could and ought not to be defeated. And beside, seeing it can work no prejudice to any one, excepting to him who has been guilty of great negligence, to say the least of it, public policy and convenience require that this presumption should be made, in order to promote the public peace, and quiet men in their possession. *Eldridge* v. *Knott, (Cowp.* 215.) *Hillary* v. *Waller,* (12 *Ves.* 252.) Now from the evidence here it is abundantly clear, that the plaintiff, and those under whom he claimed, had been in the continued and uninterrupted use and enjoyment of the way, through the land of the defendant, for a period greatly above twenty-one years, not much short, indeed, if any thing, of the time requisite to give a right by prescription; for it would seem to have been used by them as far back, and beyond the reach of the oldest witnesses produced, without the least tittle of evidence being given, which went to explain, qualify or show that it was used under a license, or as a matter of favour, or otherwise than as a matter of right; "and therefore," as Lord Ellenborough says in *Campbell* v. *Wilson,* (3 *Eqst,* 300,) "comes to the common case of adverse enjoyment of a way for upwards of twenty-one years, without any thing to qualify that adverse enjoyment."

We therefore think, that the court erred in instructing the jury as it did; and instead thereof, that it ought to have advised them, that it was their duty, if they believed the evidence, of which there could be no doubt, to presume a grant of the right of way in favour of the plaintiff, which entitled him to the uninterrupted enjoyment of it against the defendant.

The questions involved in the third and fourth errors, were not made in the court below, and do not arise on the record, and therefore cannot be considered.

The judgment is reversed, and a *venire de novo* awarded.