## ESLING *v.* WILLIAMS.

Twenty years' adverse user of a way under claim of right is sufficient to authorize the presumption of a grant. And that it was adverse may be presumed if the user was notorious and in the ordinary manner—and not under circumstances showing it to have been by leave and favour, or by the courtesy of the owner.

IN error from the District Court of Philadelphia.

*March* 8. Case for obstructing a private way. The plaintiff was the owner of a right of way over the soil of a stranger. The defendants set up a right to use it in common with plaintiff, and gave evidence of acts of user for more than twenty-one years. The plaintiff, to rebut this, gave evidence showing that the user was of such a character that it was by consent and permission of the owner.

SHARSWOOD, J., instructed the jury, that the question was, whether there had been a continued, uninterrupted, and adverse use of the way under a claim of right, with the knowledge and acquiescence of those under whom plaintiff claims; that the use was adverse, and a claim of right might be inferred from the nature of the use. If it was occasional, for some purposes, or on some extraordinary occasions, it would not do, nor if the circumstances showed it was under leave and favour, or courtesy, or by the permission of or at the will of the owner. But, if the use was open and notorious, in the manner in which a right is exercised, the owner was presumed to know and acquiesce.

The error assigned was in the charge, that the use must have been under claim of right to give title by prescription.

*McIlvaine*, for plaintiff in error.—The law of Pennsylvania gives title by mere adverse possession, though under no pretence or claim of right: 6 W. 377; 2 Ib. 28; 9 S. & R. 33. And in 2 Whart. 431, the mere use of a way for twenty-one years was held sufficient evidence of title, unless rebutted.

*J. Williams Biddle*, and *Williams*, contrà.—The question is not whether a title has been acquired, but whether a grant may be presumed. If the right were not exercised under claim of right, or as matter of right, it could afford no evidence of a grant of the right.

The judge conceded that from the mere fact of user unexplained, the law presumed it to have been under claim of right, and the instruction was designed to show merely what acts of user were evidence of the right set up. The language used is that laid down in 3 East, 294; Matt. on Presump. Ev. 309, affirmed in 2 Wh. 431; and accords with 9 S. & R. 26. The cases on adverse possession of land are inapplicable, for they are under the statute of limitations, which does not extend to incorporeal hereditaments.

*March* 12. ROGERS, J.—Taking the charge as a whole, and it would be an act of injustice to the judge to take it in detached parts, we perceive nothing of which the plaintiff in error has any just cause to complain. It is undoubtedly the law, that a continued, uninterrupted, and adverse use of an easement under a claim of right, and with the acquiescence and knowledge of the person interested, for a period of twenty years or upwards, will justify a jury in finding in favour of a party who sets up a right arising out of such use. For the law presumes in favour of long possession and

use; and that the use was adverse, and under claim of right, may be inferred from the nature and character of the use. An occasional use for some purposes, or on some extraordinary occasions, will not answer. Nor will it avail if the circumstances show it to have been under leave and favour and courtesy, or by permission and at the will of the owner. And so the court in substance instructed the jury, leaving it to them to say, judging from the character of the use, the length of time, and the attending circumstances, whether the use was adverse, under a claim of right, with the knowledge and acquiescence of the owner, or whether it was a user under leave and favour, and by permission and at the will of the plaintiff. This is undoubtedly the general scope of the charge. A user will not give title unless it be adverse and under claim of right, nor when it appears it was not done with the knowledge and acquiescence of the owner, or where the way is used under leave and favour, and by permission and at the will of the owner. The requisites to the completion of the defendants' title, the court say, may be inferred from the circumstances of the case and the nature of the use—and this is in consonance with all the authorities. In Campbell v. Wilson, 3 East, 294, recognised in Worrall v. Rhoads, 2 Whart. 427, it is ruled that user of a way above twenty years, exercised adversely and *under claim of right,* is sufficient to leave to a jury to presume a grant. But when used under leave and favour, it is otherwise. In Worrall v. Rhoads, it is ruled that twenty-one years' uninterrupted enjoyment of a right of way affords presumptive evidence of a grant of an easement. And the principle is not gainsayed by the court. It is held in the same case that the presumption may be repelled by evidence, which accounts for the possession or user without resorting to a title by grant or otherwise. Cooper v. Smith, 9 S. & R. 26, is to the same point. The cases of Rung v. Shoenberger, 2 W. 28, and Parker v. Southwick, 6 W. 379, are not analogous. They are ruled on the act of limitations, and decide that it is not essential to the character of an adverse possession that it be by claim of right in the occupant. If he holds for himself, whether he claims title to the property or not, it gives title. In this we differ from the course of decisions in New York. But this principle was not meant to be applied to a user which is merely evidence of a grant, which consequently must depend on the character of the use and the attending circumstances, of which the jury must judge.

Judgment affirmed.