# Reimer *versus* Stuber.

1. A right of way over unenclosed woodland can be acquired by user for twenty-one years.

2. The mere inattention of the owner of land to the fact that an easement in it is used by another does not weaken the force of the presumption which the lapse of time creates.

3. No presumption of a grant arises from the adverse enjoyment of an easement against a minor or *feme covert*. But a *second disability* added to or assumed during the existence of the one operating when the adverse possession began, is to be disregarded. Thus, a coverture, taking place during infancy, is not to be considered after the infancy has ended.

4. Each error assigned must be specified particularly and by itself; and no specification should embrace more than one point or more than one bill of exceptions, or raise more than one distinct question. See 6th rule of Court: 6 *Harris* 578.

ERROR to the Common pleas of *Northampton county*.

This was an action on the case brought by John Stuber against George Reimer, for obstructing a private way. In the first count

[Reimer v. Stuber.]

of the declaration was set out the plaintiff's possession of a certain messuage and farm in Bethlehem township, Northampton county, and that by reason thereof he ought to have had, and still of right ought to have, a certain way from the said 'farm, through' and along said farm, and through and along a certain close to the highway, leading from Schoener's church to Easton, by way of Santee's mill, thence to a certain other road leading through Noddletown, and from thence to Bethlehem, &c., and that the defendant had obstructed said way. In the second count the plaintiff's possession as above was alleged, describing the way as leading to a certain highway, and so back to plaintiff's farm, and the obstruction by the defendant was charged generally.

The defendant pleaded " not guilty."

The case was tried at August Term, 1850, and a verdict rendered for the plaintiff, for $2.50 damages and six cents costs.

Stuber the plaintiff, and Clementina Innes, and Robert F. Innes, the minor children of Francis S. Innes, deceased, were owners of *adjacent* premises in Bethlehem township. C. and R. F. Innes inherited their property from their grandmother, Catharine Innes, who died in the year 1841, after the decease of their father Francis S. Innes, who died June 27, 1839. Mrs. Innes inherited a large tract of land from her father. She married when a minor, and survived her husband, who died in the year 1836.

*After* the decease of Catharine Innes, her real estate was divided by an action of partition, in which the tract adjoining Stuber was allotted to the minor children of Francis S. Innes deceased.

After the partition, the woodland adjoining Stuber's was cleared and enclosed, the defendant, Reimer, *who was a tenant,* putting up the fences by direction of the guardian of C. and R. F. Innes, for the purposes of cultivation. This closed up the road which had previously been used through the same *while unenclosed woodland.*

The plaintiff below claimed that he had acquired a right of way by user for more than twenty-one years. This on the part of the defendant was denied : and whether the plaintiff had acquired such right or not, was the matter to be decided. On the part of the plaintiff a witness, C. Shimer, testified that he lived near to Stuber the plaintiff, and that Stuber had used the road in question for 30 years or more : that he used it for all purposes—he had no other road to get in and out from his land, that the witness knew. He used it as having a right to it, openly, unmolested, and peaceably. The neighbors used the road occasionally. Stuber had no other way to get out on the Schoener Church road on his own land.

Another witness testified that he was above 67 years old, and that as long as he remembered, from 30 to 33 years, the road existed. That he did not remember a time when the road did not

[Reimer *v.* Stuber.]

exist. The woods were open, no fence around. He thought there was over 100 acres of woodland.

Another witness testified that he lived 1½ miles from Stuber, was acquainted with the road 40 or 45 years. Did not recollect when it was not there.

Another witness said that he went that way to church and to mill. That the people who lived in Noddletown went through the road.

Another witness testified that his father lived on the farm of Mrs. Innes, 26 years before the trial; that his father used the woodland, he had it with the farm.

There were seven bills of exceptions as to the rejection and admission of evidence, which are not here stated, as the specifications of error were overruled in this Court, as each included two or more bills of exceptions or raised more than one question.

The eighth bill of exceptions was to the charge of the Court. The charge was objected to, first, because it recognised, generally, the plaintiff's right to recover under the evidence in the case, and then, as to the special parts of it which. are enclosed in brackets.

JONES, J., charged the jury as follows: " The plaintiff's claim to this way is founded, not upon a deed, for it is not produced here before you, but upon facts and circumstances from which he would have you draw a presumption of a grant of it, made 21 years and more before the obstruction of which he complains. In order to raise that presumption in his favor, his enjoyment of this way, during that time, must have been openly and notoriously adverse to the owner of the land on which the way is claimed, and whether his enjoyment of it was so, is a question of fact for the jury.

" An occasional crossing of one's land, at long intervals, though it may be continued through 21 years, could not give rise to a presumption of this kind [nor yet is it necessary to cross it every day in order to ground it. If one crosses so frequently as to wear a road, and steadily use that road, whenever he pleases, apparently for all his necessary purposes, and that road is in effect necessary to his convenience and he continues to use it, uninterrupted by the owner of the land for 21 years, that would be a case in which a jury would be bound to presume a grant.] But a presumption founded on such evidence, might very readily be rebutted by other evidence.

" If in the case before you [the evidence of the plaintiff, considered by itself unanswered by the defendant's evidence, is strong enough to raise a presumption of grant of this way], you will then consider the several circumstances upon which the defendant relies to rebut that presumption. If these circumstances, any one of them taken singly, or in connexion with any or all the others, raise a doubt in your mind as to the enjoyment of the way by the plaintiff being

[Reimer *v.* Stuber.]

open, notorious, hostile, continuing for 21 years against the owner of the land, the plaintiff cannot recover.   [To rebut the plaintiff's case, the defendant relies on these facts, viz., that the owner of the land sought to be charged with the easement, lived at a distance from it, and visited it rarely; that the land over which the easement is claimed, is unenclosed woodland]; and that the defendant expressly disclaimed any right to this easement.

["By itself, the first of these circumstances is not of any great weight.  As to rights of way, presumptions are made against owners of land during the possession, of their tenants.]  With regard to the second [an easement may be acquired over unenclosed woodland; but it must be of a certain and definite way, not on one line this year, on another next year, just as accident or caprice may determine.]  With regard to the disclaimer of right by the plaintiff, he would be absolutely concluded by that, if he made it understandingly, either of his right or of the language in which he was speaking."

It was assigned for error: 1. The Court below erred in rejecting the evidence offered by the defendant, to show that Mrs. Innes, the reversioner, who resided in Easton, nine miles from the farm, was not in the habit of going there often to see its state and condition: that she was a minor when she married, and seldom visited the land in dispute, and never the woodland, as mentioned in the 1st and 2d bills of exceptions.

2. In rejecting the evidence offered to prove that the plaintiff declared that he had good backing, and that Conrad Shimer, who had been examined as a witness on the part of the plaintiff, told him "he could not help a man who would not take advice," as mentioned in the 3d, 4th, and 5th bills of exceptions.

3. In admitting, as rebutting evidence, the testimony offered by defendant, of conversations between Stuber and Reimer, and alleged admissions of the latter in regard to the road in dispute as mentioned in the 6th and 7th bills of exceptions.

4. The charge of the Court is erroneous in those parts in which the judge, after saying that an occasional crossing of another's lands will not give rise to a presumption of grant, charged the jury as stated, specifying the parts of the charge within brackets.

*Porter,* for plaintiff in error.—As to the exception to the charge that a right of way through unenclosed woodland can be acquired by user, it was contended, that the decision in the case of Worrel *v.* Rhoads, 2 *Wharton* 427, should not be considered as decisive. That, upon principle, no such right could be acquired by user. Where land is unenclosed no recovery could be had by the owner against one for merely driving over it.  No damage is done by such act, and the fact of leaving it open may be considered as a

[Reimer *v.* Stuber.]

general license to use it. If the law be otherwise, it may inter-
fere with the division of a large tract of woodland, by rendering
it necessary to leave open roads which neighbors have travelled
for 21 years.

The principle has been considered in other states, and decisions
made different from that in Worral *v.* Rhoads. Reference was
made to 1 *McCord* 131; 3 *McCord*, Trumbull *v.* Rivers; 5 *Picker-
ing* 485; 2 *Richardson* 136; 3 *Id.* 85; 7 *Metcalf* 33; 5 *Pick.*
131; 10 *Mass.* 408.

The use or possession on which a title by prescription is founded,
must be uninterrupted and adverse, or of a nature to indicate that
it was claimed as a right and was not the effect of indulgence, or
of a contract short of a grant: 14 *Mass.* 49–53; 5 *Pick.* 421.

*Reeder*, for defendant in error.—The 1st specification of error
embraces two bills of exceptions and distinct points, one a sup-
posed disability and the other a circumstance offered to show that
she did not acquiesce in the use of the road. It is therefore within
the 6th rule of Court.

The property belonged to Mrs. Innes. The earliest period of
her ownership which was proved was about 26 years before the
trial; whereas the use of the road existed perhaps 45 years
before the trial. The evidence offered would have proved nothing
material, as the grant must be presumed to have been made before
her ownership commenced; and if the presumption had commenced
running, her disability of minority would not affect it.

But if the time had not begun to run before *her* title commenced,
the only question would be *her minority*, as her marriage, being *a
second disability*, is not to be regarded: 7 *Ser. & R.* 209, Thomas
*v.* Smith; 6 *Watts* 388, Rankin *v.* Tenbrook; 1 *Pa. Rep.* 6, Car-
lisle *v.* Stitler. She died about five years before the suit was
brought, and about seven before the trial. The offer was to prove
that she came to Easton 35 years before her death, and the mar-
riage being no disability, the offer was reduced to the fact that
she was a minor about 40 years before suit brought. Allowing
ten years for the disability, after termination of *infancy*, the offer
was to prove a period too short to prove the disability.

If it were admissible to *rebut* the presumption *of knowledge* in
this case, it would be so in actions of ejectment in a question of
adverse possession; and thus a jury have the power to defeat a
right acquired by possession for 21 years. As the law gives the
owner of unenclosed woodland the benefit of a constructive posses-
sion, he should be presumed to have knowledge of all acts of own-
ership exercised upon that possession by others.

The 2d assignment embraces three bills of exceptions, and, it was
contended, two distinct propositions, and was liable to the opera-
tion of the 6th rule of Court.

[Reimer v. Stuber.]

As to the 4th specification as to *the user*, reference was made to the case of Worral *v.* Rhoads, 2 *Wh.* 427. The cases in other states cited do not make any distinction between woodland or unenclosed land and cultivated land, except, perhaps, the case in 7 *Metcalf*, which, it was said, was unsupported.

The opinion of the Court was delivered, May 12, by

BLACK, C. J.—This was an action for disturbing the plaintiff's right of way over land of which the defendant was in possession. The plaintiff's title to the way was founded on user for upwards of twenty-one years, and some evidence was given which showed that he had enjoyed it for more than forty-five years. The owner of the land was a woman; she died five years before suit brought; was married thirty-five years before her death; was a minor at the time of her marriage; had seldom visited the place, and never the woodland through which the way ran.

1. The mere inattention of the owner of land to the fact that an easement in it is used by another, does not weaken the force of the presumption which the lapse of time creates. Such presumptions, like the statutes of limitation, will work out their purpose though the party affected by them should close his eyes. It would not do to say that the mere ignorance of the owner repelled the presumption of a grant.

2. Where a tenant for years or for life grants an easement, such grant is of no force or validity against the reversioner or remainder-man. So, if the tenant of a particular estate suffer an easement to be enjoyed for twenty-one years, it raises no presumption of a grant by him in remainder or reversion. But here the land was occupied by tenants from year to year. The owner of the fee was in possession, and had the right to bring suit every year. The case is wholly different from that of one who is out of possession during the whole of the time.

3. No presumption of a grant arises from the adverse enjoyment of an easement against a minor or *feme covert*. The presumption operates in strict analogy to the statute of limitations, which recognises the disabilities of infancy and coverture as sufficient excuses for inaction. But a second disability added to one which existed when the adverse enjoyment first began is always disregarded. Thus, a coverture which took place during infancy is not taken into account after the infancy has ended. In this case the marriage of Mrs. Innes was forty-five years before suit brought. Her age is not given, but it would be absurd to say that she was not out of her minority more than twenty-one years before the suit; for that would require us to believe that she was not twenty-one years old until after she was twenty-four years married.

[Reimer *v.* Stuber.]

4. Another point is, whether one can acquire a right of way by user of *unenclosed woodland* for twenty-one years. This question was solemnly settled in Worral *v.* Rhoads (2 *Wh. R.* 427). Believing it to be our duty to leave the law in as good condition as we found it, we refuse to disturb that case, and therefore rule this point also against the plaintiff in error.

5. Our opinion is, that none of the exceptions to evidence can be sustained, for the reason that the ruling of the judge below was right. But, instead of discussing them at length, we will dismiss them at once, by saying that they are not set out in the paper-book as the rule of Court requires.

Judgment affirmed.