Trexler, Appellant, *v.* Lutz.

Argued September 29, 1955. Before RHODES, P. J., HIRT, ROSS, WRIGHT, WOODSIDE, and ERVIN, JJ. (GUN-THER, J., absent).

*George B. Balmer*, with him *David H. Roland*, and *Snyder, Balmer & Kershner*, for appellants.

*Wardell F. Steigerwalt*, with him *Theodore G. Con-fer*, for appellees.

OPINION BY RHODES, P. J., November 16, 1955:

The plaintiff, Elton J. Trexler, filed a complaint in equity to enjoin defendants from interfering with the access by plaintiff to his woodland over a road across defendants' land. An answer by defendants contained new matter, and to this plaintiff replied. After hearing, the chancellor dismissed the complaint. Exceptions were overruled and a final decree entered. This appeal followed.

The road in controversy crosses a farm owned by defendants. It runs north and south; the southern terminus is a public highway. Crossing defendants' fields it extends through a tract of 110 acres of woodland of defendants to contiguous woodland of plaintiff. The length of the road is approximately 2,500 feet. About one-half of the road, being that part crossing the fields adjoining defendants' woodland, was plowed over by defendants, thus making the road through defendants' woodland inaccessible for plaintiff's use. The chancellor found that the road existed for more than twenty-one years, and had been used by plaintiff and his predecessors in title infrequently for the limited purpose of seasonal visits to the woodland of plaintiff.

In dismissing plaintiff's complaint, the chancellor concluded that plaintiff was prohibited by the Act of April 25, 1850, P. L. 569, §21, 68 PS §411, from acquiring by prescription or user a right to use the road where it passes through the woodland of defendants; and that any right of way through the woodland being defeated by the Act of 1850, the easement as a whole, including the way across defendants' fields, would fall.

On this appeal, appellants[1] have presented the question whether the Act of 1850 is applicable to prevent the granting of an injunction against interference with an easement for use of a roadway running partly through open fields and partly through woodland where the interference by defendants occurs in an open field only.

Defendants contend that the application of the Act of 1850 was not erroneous, but that the chancellor erred in finding that even a limited easement might exist if it were not for such act.

---

[1] Administrator of Estate of Elton J. Trexler, deceased, and heirs of Elton J. Trexler.

The Act of 1850, §21, 68 PS §411, provides: "No right of way shall be hereafter acquired by user, where such way passes through uninclosed woodland; but on clearing such woodland, the owner or owners thereof shall be at liberty to enclose the same, as if no such way had been used through the same before such clearing or inclosure: . . ."

The Act of 1850 was enacted to change prospectively the rule of law announced in *Worrall v. Rhoads*, 2 Wharton 427, and followed in *Reimer v. Stuber*, 20 Pa. 458. *Eble v. Jones*, 158 Pa. Superior Ct. 270, 272, 44 A. 2d 761.

The act was before the Supreme Court in *Kurtz v. Hoke*, 172 Pa. 165, 33 A. 549. In that case a way was partly through improved land and partly through uninclosed woodland. It was held that, although the right of way ran through improved land, it did not draw with it the right through uninclosed woodland; and the Supreme Court went on to say (page 173 of 172 Pa., page 550 of 33 A.) : "The act [of 1850] is so plain, that it admits of but one meaning, viz.: that a right by prescription to a road through uninclosed woodland cannot be obtained."

In view of our conclusion that the Act of 1850 is applicable to the present case, as held by the court below, it is not necessary to determine whether the burden of establishing a limited easement was met by plaintiff. But it has been recognized that, to establish an easement, more is required than an occasional use for some purposes, or on some extraordinary occasions. *Esling v. Williams*, 10 Pa. 126, 128; *Loughran v. Matylewicz*, 367 Pa. 593, 599, 81 A. 2d 879.

Defendants closed the roadway through their woods leading to plaintiff's woodland by preventing entry thereto through defendants' fields. We agree with the court below that the right of way stands or falls as a

28

whole. It was not necessary to bar the right of way over defendants' woodland itself. Closing the right of way through defendants' fields precluded use of the way through their woods as effectively as if the way had been otherwise barred. To require clearing and closing the woodland itself under the circumstances would have been a superfluous act, as no right of way could be acquired therein by user.

The court below, in its opinion sur exceptions, has made this applicable statement: "The use has never extended farther than ingress to plaintiff's woodland from the highway and return thereto, for the occasional object of obtaining and removing wood from plaintiff's woodland. The use limits the servitude; the servitude failing because of the statutory non-effect of the use over defendants' woodland, it is plain that the entire and sole object of the servitude is unattained and unattainable. Therefore, no easement can remain such as would begin at the highway, cross defendants' fields, and terminate at the entrance point from defendants' fields to defendants' woodland. Such a right of way was never contemplated or created."

Decree of the court below is affirmed, at appellants' cost.