Woodlawn Trustees, Inc. *v.* Michel, Appellant.

Argued April 27, 1965. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*R. Winfield Baile,* with him *James L. Shea,* and
*Baile, Thompson & Shea,* for appellant.

*Reese A. Davis,* with him *Robert E. Porter, Theo-
dore R. Griffith,* and *Greenwell, Porter, Smaltz &
Royal,* for appellee.

OPINION BY MR. JUSTICE ROBERTS, June 30, 1965:

This action was brought by Woodlawn Trustees,
Inc., plaintiff-appellee, to restrain and enjoin the de-
fendant from interfering with or obstructing plain-
tiff's use of an easement over defendant's land.

Woodlawn Trustees is the owner of a tract of land
which lies east of and adjacent to a tract of land owned
by defendant. In 1820, both parcels were held by a
common owner. In that year, the common owner con-
veyed both parcels to different persons. In the convey-
ance of the easterly portion, now owned by Woodlawn,
an easement was granted in the following language:
"Together with the privilege of a road from the place
of beginning at or near the place where it is now used,
through the land [now defendant's land] sold by said
assignees to Peter Hatton, William Green, unto Brandy-
wine Road."[1] The conveyance of the westerly portion
contained a reservation which provided: "Subject to the
privilege of a road from the Brandywine Road at or

---

[1] This language has been repeated in substance down to the
deed to Woodlawn in 1954.

near the place it is now used through said land for the benefit of a sawmill and lot of ground [now Woodlawn's property] sold by said assignees to Reece Perkins."[2]

The two adjacent tracts of land involved here share a common boundary along the west side of Woodlawn's tract and the east side of defendant's tract. The southern boundary of each runs along the Pennsylvania-Delaware state line. The easement claimed by Woodlawn is a roadway which begins at an old sawmill on its property. It runs southwest, dipping slightly into Delaware; it then turns northwest and recrosses the Delaware-Pennsylvania state line. There it enters defendant's property and continues through that property until it meets Brandywine Road (now Beaver Valley Road). Although Woodlawn now owns the property in Delaware through which the road passes, that property did not belong to the grantor when the easement was first created in 1820.

The sole question before us on appeal is whether a valid easement was created by the owner in 1820. Defendant argues that assuming that the road now in existence was the same road over which the easement was created,[3] that easement was a nullity from its inception since its benefit to the dominant tenement necessitated passage over land in Delaware which belonged, not to grantor, but to a stranger.

The mere fact that an easement, to be of any benefit to the dominant tenement, must traverse land of

_____

[2] This reservation is contained in defendant's chain of title from 1820 to 1846, but not thereafter. This fact, however, can have no effect on plaintiff's rights since subsequent grantors in defendant's chain of title could not convey more than they had. See *Finley v. Glenn*, 303 Pa. 131, 154 Atl. 299 (1931).

[3] The chancellor found that this road physically constituted the easement which grantor attempted to create in 1820 and appellant does not question that finding on this appeal.

another does not, of itself, destroy the easement. Although the existence of a servient tenement for the beneficial use of a dominant tenement is a prerequisite to the creation of an easement appurtenant, it is not necessary that the servient and dominant tenements be contiguous parcels of land. *Tide Water Pipe Co. v. Bell,* 280 Pa. 104, 124 Atl. 351 (1924) ; *Anania v. Serenta,* 275 Pa. 474, 119 Atl. 554 (1923). In cases of noncontiguous parcels, the easement over the land of the servient tenement is valid and enforceable if, by means of a right of way of some sort which traverses land of another, the servient tenement benefits the dominant tenement. In this case, the easement does not become a nullity simply because crossing the land of a stranger was not absolutely necessary since the dominant tenement and servient tenement are contiguous.

Appellant maintains that because in 1820 the common grantor attempted to create an easement, traversing not only his own land but also the land of another, the easement must therefore fall in its entirety. It is true that one may not grant an easement over property he does not own. *Baptist Church in the Great Valley v. Urquhart,* 406 Pa. 620, 178 A. 2d 583 (1962). Reading the language of the easement in the instant case, however, it is not clear that this was attempted. The language of the grant is just as susceptible to the interpretation that the language pertained only to the land owned by the grantor, despite the fact that the roadway crossed land owned by a third party.

Assuming, however, that grantor did attempt to create an easement over the lands of another, that does not necessarily frustrate the easement if there was the right, nevertheless, to pass over that land by license or otherwise.

If this is so, defendant maintains that plaintiff did not produce sufficient evidence to prove the existence

of such a right. We cannot agree. Considering the fact that the easement was created 145 years ago, we agree with the chancellor that "the physical, documentary and oral evidence, produced by the plaintiff, discloses a remarkably clear picture of his case and right, considering the enervating effect time has had upon the preservation of such evidence."[4] We have recognized the difficulty of establishing rights of ancient origin and, as a result, have relaxed the burden of proof which falls upon one claiming such rights. *Hostetter v. Commonwealth,* 367 Pa. 603, 80 A. 2d 719 (1951).

Defendant contends that plaintiff has not proved that there was any right to use the road over the Delaware land. We believe that plaintiff did all that was required of him to show that the road was used for access to its property. The road exists physically, has been used for over 145 years, and there is no indication of any objection by former owners of the Delaware portion to the use of the road for access to plaintiff's land. The grant of the easement in 1820 indicates that the road was being used for access to the sawmill at that time and plaintiff's witnesses testified to having travelled the road through the Delaware portion in more recent times.

In effect, defendant asserts that plaintiff must conclusively establish the existence and nature of the legal right over the Delaware land enjoyed by the possessors of the dominant tenement since 1820. However, defendant may not assert as her defense a right which, if it existed at all, belonged solely to the owners of the Delaware property. Although we have found no Pennsylvania cases directly on point, the general rule appears to be that, in order to establish his right to an easement over the servient tenement, plaintiff is not

---

[4] *Woodlawn Trustees, Inc. v. Michel,* 52 Del. Co. Rep. 306, 314 (1964).

required to prove his legal right to pass over land which separates the dominant and servient tenements. See *Jensen v. Ritter,* 185 Cal. App. 2d 473, 8 Cal. Rptr. 263 (1960); *Browder v. Graham,* 204 Miss. 773, 38 So. 2d 188 (1948); *Jones v. Stevens,* 276 Mass. 318, 177 N.E. 91 (1931). Plaintiff is required to establish only that an easement across *defendant's* property was granted for the benefit of his property, that the easement exists, and that it continues to provide the benefit to the dominant tenement contemplated by the grantor. This the plaintiff did to the satisfaction of the chancellor and appellant does not challenge that aspect of the chancellor's findings on this appeal.

Defendant relies principally upon *Trexler v. Lutz,* 180 Pa. Superior Ct. 24, 118 A. 2d 210 (1955). An examination of that case, however, persuades us that it is inapplicable in the instant situation and in no way compels the conclusion that the easement granted in 1820 cannot now be enforced. In *Trexler,* the plaintiff sought to gain access to his woodland by establishing an easement by prescription over defendant's land. Part of the claimed easement ran through defendant's field abutting a highway and the remainder crossed through unenclosed woodland belonging to defendant which connected with woodland belonging to plaintiff. The Superior Court held that under the Act of April 25, 1850, P. L. 569, §21, 68 P.S. §411, no right of way could be established by prescription through unenclosed woodland. Since, in that case, the access to plaintiff's woods through defendant's woods failed, the court held that defendant was justified in plowing up the road over his field which led to the woods. The Superior Court quoted with approval the language of the chancellor that: " 'The use limits the servitude; the servitude failing because of the statutory non-effect of the use over defendants' woodland, it is plain that the entire and sole object of the servitude is unattained

and unattainable. Therefore, no easement can remain such as would begin at the highway, cross defendants' fields, and terminate at the entrance point from defendants' fields to defendants' woodland. Such a right of way was never contemplated or created.' "[5]

In *Trexler*, therefore, the prescriptive right over defendant's land was conclusively defeated by statute. The purpose for which it was claimed being defeated, the entire right was defeated. No such situation exists here. The chancellor found that plaintiff established his right to an easement through defendant's land and that the easement has been, and still is, useful for access to the dominant tenement. There is no evidence that use of the Delaware portion was ever objected to or denied and, indeed, leads to the contrary conclusion that use of the road in Delaware was, at least, permissive. In addition, Woodlawn presently owns the Delaware property and can obviously use that property in making the easement over defendant's land beneficial to the dominant tenement created in 1820. See *Baptist Church in the Great Valley v. Urquhart*, 406 Pa. 620, 178 A. 2d 583 (1962). There is no reason, therefore, to declare the enjoyment of the easement unenforceable.

Decree affirmed. Each party to pay own costs.

Mr. Justice JONES and Mr. Justice COHEN dissent.

---

[5] 180 Pa. Superior Ct. at 28, 118 A. 2d at 211-12.