## Stoppy v. Diehl

*Robert P. Grim,* for plaintiffs.
*Forrest G. Schaeffer, Jr.,* for defendants.
BERTOLET, J., June 28, 1972.—

### STATEMENT OF ISSUE

The issue raised at the trial in this action in equity is whether plaintiffs have acquired a prescriptive right to an easement of a right-of-way over a portion of a country lane, the fee title to which is in defendants, situate in Longswamp Township, this county.

### STATEMENT OF FACTS

The facts are found from testimony and certain stipulated facts aided by a view of the site by the chancellor in the company of counsel for the parties.

The general area involved contains a narrow country woodland lane or path approximately seven to nine feet wide or a one-wagon or one-car width, which is unpaved with its bed being comprised of mold, leaves, grass and uneven stones. For the purpose of this discussion, this lane can be divided into four sections. At its northwest extremity, the first section commences at a dirt road and proceeds southeastwardly through woodland for several hundred yards over land of one Brighton Reinert, the right to the use of which is not

in dispute. The second section continues through woodland, owned by defendants since 1969, for a distance of approximately 80 feet. The third section is the part directly in suit in this case. It continues over land of defendants and is bordered by a stone "fence" on each side with cleared land of plaintiffs on one side and cleared land of defendants on the other, with bushes and small trees growing along said fence rows, to a point where the lands of each of the respective parties end. The fourth section is through a wooded area, the owner not stated, for several hundred yards when its width narrows down to a foot path through the woods with no clearing, improvements or other road in sight. There is no evidence, oral or visual, of any fence or other inclosure of any woodland except the stone fences above-mentioned and several other similar collections of stones on the borders of or across cleared areas on the lands of both parties.

Plaintiffs bought their property in 1961. Defendants acquired that part of their land over which section 2, above referred to, passes in 1969 and the part containing section 3 in 1955. The lane is not the principal means of access to the premises of either of the parties.

From 1943 to 1955, the lane was used as a right-of-way several times a year by plaintiffs' predecessors in title in both directions with a car for visiting friends and by plaintiffs a like number of times when visiting their predecessors, without let or hindrance. From 1955 to 1961, the third section was either nearly or altogether impassable by reason of having become overgrown with briars, bushes, vines and saplings. The road beyond the fourth section became impassable by car since approximately 1960 and remains that way to the present time. In 1961, 1962 and 1963, the third section was cleared by defendants and that sec-

tion, in conjunction with sections 1 and 2, was used by plaintiffs without permission or interference from anyone on a yearly average of once a week, although mostly in the summer rather than in the winter, until the end of October 1970. At this latter time, the second section of the lane was blocked by defendants at or near the junction with the third section, at first for the purpose of impeding hunters and thereafter under a claim of right. Neither plaintiffs nor their predecessors in title changed their intention to claim a right to use the lane during any of the above-mentioned periods.

## DISCUSSION AND CONCLUSIONS OF LAW

We are satisfied from the testimony and our view of the site that none of the woodland over which the lane in suit passes, viz., sections 1, 2 and 4, is inclosed but, rather, that it is "uninclosed woodland" within the meaning of section 21 of the Act of April 25, 1850, P. L. 569, 68 PS §411, which provides that "No right of way shall be hereafter acquired by user, where such way passes through uninclosed woodland; . . .": Lotz v. Kutz, 58 Berks Co. L. J. 30, 39-40 (1965). That being so, defendants have the right to deprive plaintiffs of the use of the second section of the lane aforementioned.

With respect to the southeast or fourth section of the lane and beyond, the testimony and view show that the same has been impassable by car—its width narrows to a foot path through the woods—for some years so that the use made of it by plaintiffs' predecessors in title is no longer and had not been possible since approximately 1960, apparently stopped by natural causes. There is no testimony that plaintiffs themselves ever used section 3 in conjunction with section 4 as a means of going to and from anywhere, and this,

along with the view of the premises, persuades us that section 4 and beyond became impassable as a passageway for cars at or about the time the plaintiffs took title to their land.

As to the third section, which is the part of the lane in dispute, the testimony is that the use by plaintiffs' predecessors in title of this portion was in conjunction with both the second and first sections for visiting by car in one direction and in conjunction with the fourth section and beyond for the same purpose in another direction.

The situation, therefore, appears to be this: section 1 of the lane is not in dispute. Plaintiffs or their predecessors in title never acquired any prescriptive right to use sections 1, 2 and 4 of the lane because of their being uninclosed woodland. Plaintiffs' use of section 2 has now been terminated by defendants' blockade. Plaintiffs' use of section 4 of the lane and beyond has been closed by the forces of nature. Plaintiffs' right to use the third, disputed, section was acquired, if at all, in conjunction with the use of section 2 on one end and section 4 on the other. We understand the law to be in this situation that an asserted right of way stands or falls as a whole: Trexler v. Lutz, 180 Pa. Superior Ct. 24 (1955). The use of sections 2 and 4 having come to an end, their termination carries with it the claimed right-of-way over the third section.

Since we are of the opinion that the case must be disposed of on the foregoing grounds, it is unnecessary to decide whether or not the facts warrant a decision that the adverse user was sufficiently open and continuous to create an easement, or whether the discontinuance of the use for several years constituted an interruption in its continuity.

Plaintiffs' complaint is dismissed with costs.