## Strohecker v. Crissinger

*Frank J. Rejevich* and *H. F. Bonno,* for plaintiffs.
*W. Irvine Wiest,* for defendant.

TROUTMAN, J., April 4, 1960—Plaintiffs filed a complaint in equity against defendant, Violet Crissinger, individually and trading as Crissinger Accordion Schools, requesting the court to enjoin defendant from using her property in such a manner as to interfere with the use and enjoyment by plaintiffs of their respective premises and also for a judgment in favor of the respective plaintiffs for such an amount as will compensate them for damages claimed in the said complaint. Defendant filed a preliminary objection in the nature of a motion for a more specific complaint and

also a petition raising the defense of nonjoinder of a necessary party. These preliminary objections are now before this court for disposition.

In her petition raising the defense of nonjoinder of a necessary party, defendant alleges that she is not the sole owner of Crissinger Accordion Schools but on the contrary owns only a half interest, the other half interest being owned by her daughter, Fanny Crissinger. By stipulation filed in this case plaintiffs admitted that Fanny Crissinger is a part owner of the Crissinger Accordion Schools and that she should be made a party defendant and that the complaint would be amended accordingly. Therefore this preliminary objection is no longer before the court for disposition.

The preliminary objection in the nature of a motion for a more specific complaint assigns six reasons in support thereof averring that paragraphs 12 to 18, inclusive, do not set forth specifically the manner in which the health of the various plaintiffs has been affected, the kind of medical attention which they require, as well as the kind and amount of medical expenses which they may have had in the past and anticipate having in the future.

It is well settled that where a court of equity has obtained jurisdiction of a case it can award damages: Eble v. Jones, 158 Pa. Superior Ct. 270, 273. Defendant does not deny that the court has jurisdiction to award damages but complains that the complaint does not specifically set forth the items of damage claimed by the respective plaintiffs. It is defendant's contention that the damages claimed are special damages and therefore should be specifically stated.

Pa. R. C. P. 1019 (f) provides that averments of time, place and items of special damages shall be specifically stated. Special damages are those which by their nature are such that a reasonable man committing the act complained of did not foresee that such damages would result from his act. Because of their

nonforeseeable nature, the special damages must be pleaded and since by definition the adverse party does not anticipate what they include, the burden is placed upon the injured party to plead them with particularity.

The complaint in this case sets forth that the various plaintiffs reside on West Sunbury Street in the City of Shamokin and are the owners of their respective dwellings and that the Crissinger Accordion Schools are operated in a dwelling immediately adjacent to the dwellings occupied by them, that the Accordion School is operated by defendant five days each week, begining at approximately 3:30 p.m. and continuing until 10:30 p.m., that between 10 and 40 students use the school daily, there being from 10 to 20 accordions being played at the same time and that as a result thereof there are loud and discordant noises and sounds. The complaint further alleges that these loud and discordant sounds and noises coming from the said school materially interfere with the use and enjoyment of plaintiffs' properties by them and members of their families and have affected the nerves and general health of the persons residing in the adjacent dwellings, and as a result thereof have not only affected them personally but have materially lessened the value of their properties.

The complaint then sets forth that each of the individuals residing in the respective properties has suffered inconvenience and impairment of health which in some cases required medical expenses in the past and will result in the incurring of medical expenses in the future.

In setting forth the specific damages, there should be a degree of particularity to which the facts of the case are reasonably susceptible, to enable the other party intelligently to prepare for trial: Stoll v. Andreadis, 60 D. & C. 577. Items of evidence, of course, need not and should not be set forth in the complaint.

We are of the opinion that the averments in the complaint are in sufficient detail to sufficiently inform defendant as to the character and extent of the claims of the respective plaintiffs. The paragraphs set forth such facts as would inform defendant as to what he has to meet in the matter of damages. To require plaintiffs to set forth the particular items of medicine which they have purchased in the past and to enumerate their specific aches and pains would be, in effect, requiring plaintiffs to plead evidence.

A more specific complaint will not be ordered to set forth matters which are evidentiary. If defendant needs information to prepare his answer, it can be developed by discovery: Ramsey v. Harnett, 7 D. & C. 2d 693. The reasons assigned in support of defendant's preliminary objections in the nature of a motion for a more specific pleading are without merit and the preliminary objection must be dismissed.

### Order

And now, to wit, April 4, 1960, the preliminary objection filed by defendant is hereby dismissed and defendant is given leave to file an answer to the said complaint within 20 days from the date of this order.

Let an exception be noted for defendant.